**Rudolfo LOPEZ, Appellant,**

v.

**The STATE of Texas.**

**No. 677–99.**

Court of Criminal Appeals of Texas.

May 3, 2000.

Jacqueline Snyder, Adkins, for appellant.

J. Scott Sullivan, Asst. Dist. Atty., San Antonio, Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## *O P I N I O N*

KEASLER, J., delivered the opinion of the Court, in which McCORMICK, MEYERS, PRICE, HOLLAND, and WOMACK, JJ., join.

Rudolfo Lopez was charged with sexually assaulting a 12–year–old boy named Paul. At trial, he unsuccessfully sought to introduce evidence that two years earlier Paul had falsely accused his mother of physical abuse. Lopez argues that the evidence should have been admitted because the Confrontation Clause of the Constitution demands it. We conclude that the trial court properly excluded the evidence.

### FACTS

Paul testified that Lopez compelled Paul to perform oral sex on Lopez numerous times over the course of several months. Lopez attempted to impeach Paul's credibility with evidence that two years earlier, Paul had complained to the Texas Department of Human Services that his mother had thrown him against a washing ma-

chine, and that case had been closed without any action taken against the mother.

## PROCEDURAL HISTORY

Lopez was convicted of aggravated sexual assault of a child and indecency with a child, and sentenced to 12 years in prison on each count. On appeal, Lopez argued he should have been permitted to impeach Paul with evidence of the prior false accusation. The court of appeals reversed, holding that the evidence should have been admitted.[1] We vacated that opinion and remanded the case for the court of appeals to address the State's argument that the evidence was inadmissible pursuant to Rule of Evidence 608(b).[2] On remand, the court of appeals held, despite Rule 608(b), the Confrontation Clause demands that the evidence be admitted.[3]

Both the District Attorney and the State Prosecuting Attorney filed petitions for discretionary review, which we granted. The District Attorney argues that "[t]he Court of Appeals erred in holding that [Lopez] was entitled under the right to confrontation to impeach [Paul's] credibility with evidence that [Paul] made a prior false or unfounded allegation of abuse, of a kind different than that for which [Lopez] was prosecuted, and made against someone other than [Lopez]." The State Prosecuting Attorney's petition asks, "Does the exclusion of evidence, pursuant to Tex. R.Evid. 608(b), that the victim of a sexually-related offense made a previous, unsubstantiated complaint of physical abuse

against a third person, constitute a violation of the accused's federal constitutional right to confrontation of witnesses?"

## ANALYSIS

### Confrontation Clause

▮▮▮ The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him.[4] Confrontation means more than being allowed to confront the witness physically.[5] A primary interest secured by the Confrontation Clause is the right of cross-examination.[6] Each Confrontation Clause issue must be weighed on a case-by-case basis, carefully taking into account the defendant's right to cross-examine and the risk factors associated with admission of the evidence.[7] In weighing whether evidence must be admitted under the Confrontation Clause, the trial court should balance the probative value of the evidence sought to be introduced against the risk its admission may entail.[8] The trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence.[9]

We have previously indicated that the Confrontation Clause will prevail if there is a conflict between it and the Rules of Evidence.[10] Indeed, Rule 101(c) of the

1. *Lopez v. State,* No. 04–96–00343–CR (Tex. App.—San Antonio 1997) (not designated for publication).

2. *Lopez v. State,* No. 97–1193 (Tex.Crim.App. 1998) (not designated for publication).

3. *Lopez v. State,* 989 S.W.2d 402 (Tex.App.— San Antonio 1999).

4. U.S. Const. Amend. VI; *Davis v. Alaska,* 415 U.S. 308, 315, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974).

5. *Davis,* 415 U.S. at 315, 94 S.Ct. at 1110.

6. *Ibid.*

7. *Hoyos v. State,* 951 S.W.2d 503, 510 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 982 S.W.2d 419 (Tex.Crim.App.1998).

8. *Castillo v. State,* 939 S.W.2d 754, 758 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd), *quoting Hodge v. State,* 631 S.W.2d 754, 758 (Tex.Crim.App. [Panel Op.] 1982).

9. *Lagrone v. State,* 942 S.W.2d 602, 613 (Tex. Crim.App.1997).

10. *Carroll v. State,* 916 S.W.2d 494, 501 (Tex. Crim.App.1996).

Rules of Evidence dictates that the Constitution should control if there is a conflict. But that Rule also admonishes us that, "where possible, inconsistency is to be removed by reasonable construction."

## Rule 608(b)

Rule 608(b) of the Rules of Evidence [11] provides that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be inquired into on cross-examination of the witness nor proved by extrinsic evidence." The issue we face is whether, in a case involving a sexual offense, the Confrontation Clause demands that evidence of the complainant's prior false allegations of abuse against a person other than the defendant be admissible, despite Rule 608(b)'s proscription against admitting specific instances of conduct. We must decide whether the Confrontation Clause requires us to carve out a special exception to the Rules of Evidence for sexual offenses.

## Our Precedent

We addressed a similar issue in *Boutwell v. State*.[12] In that case, the issue was whether the State could admit extraneous offense evidence against the defendant. A plurality of this Court recognized "a narrow exception for sex offenses to permit admission of similar extraneous sex offenses which occurred between the minor complainant and the accused." [13] But we later disavowed *Boutwell* in *Vernon v. State*,[14] where we pointed out that the Rules of Evidence, enacted after *Boutwell*, were "the most important guide to admissibility" of evidence.[15]

Based on *Vernon*, the Rules of Evidence should govern the admissibility of evidence, and we should not create a special exception to Rule 608(b) for sexual offenses. But today's case is different because it involves the admission of previous bad acts against the complainant, as opposed to the admission of extraneous offenses against the defendant. So the Confrontation Clause becomes relevant and may dictate a different result.

## Other States

Other states have held that the Confrontation Clause requires creating a special exception for sexual offenses to allow admission of prior false accusations of abuse by the complainant despite evidentiary bars.[16] But the rationale behind these

11. Previously the Texas Rules of Criminal Evidence.

12. 719 S.W.2d 164, 173 (Tex.Crim.App.1985) (op. on reh'g).

13. *Id.* at 178.

14. 841 S.W.2d 407 (Tex.Crim.App.1992).

15. *Id.* at 410–11.

16. *Ex parte Loyd*, 580 So.2d 1374 (Ala.1991); *Covington v. State*, 703 P.2d 436 (Alaska App.), *rev'd on other grounds*, 711 P.2d 1183 (Alaska 1985); *State v. Hutchinson*, 141 Ariz. 583, 688 P.2d 209 (Ariz.App.2d Div.1984); *West v. State*, 290 Ark. 329, 719 S.W.2d 684 (Ark.1986); *People v. Hurlburt*, 166 Cal. App.2d 334, 333 P.2d 82 (Cal.App. 1 st Dist. 1958); *People v. Sheperd*, 37 Colo.App. 336, 551 P.2d 210 (1976); *State v. Kelley*, 229 Conn. 557, 643 A.2d 854 (Conn.1994); *Smith v. State*, 259 Ga. 135, 377 S.E.2d 158(Ga.), *cert. denied*, 493 U.S. 825, 110 S.Ct. 88, 107

L.Ed.2d 53 (1989); *State v. Schwartzmiller*, 107 Idaho 89, 685 P.2d 830 (Idaho 1984); *People v. Alexander*, 116 Ill.App.3d 855, 72 Ill.Dec. 338, 452 N.E.2d 591 (Ill.App. 1 st Dist. 1983); *Little v. State*, 413 N.E.2d 639 (Ind. App.2d Dist.1980); *State v. Barber*, 13 Kan. App.2d 224, 766 P.2d 1288 (Kan.App.1989); *State v. Cox*, 298 Md. 173, 468 A.2d 319 (Md.1983); *Comm. v. Bohannon*, 376 Mass. 90, 378 N.E.2d 987 (Mass.1978); *People v. Evans*, 72 Mich. 367, 40 N.W. 473 (Mich. 1888); *State v. Caswell*, 320 N.W.2d 417 (Minn.1982); *State v. Anderson*, 211 Mont. 272, 686 P.2d 193 (Mont.1984); *Miller v. State*, 105 Nev. 497, 779 N.W.2d 87 (Nev.1989); *State v. Ellsworth*, 142 N.H. 710, 709 A.2d 768 (N.H.1998); *State v. Johnson*, 102 N.M. 110, 692 P.2d 35 (N.M.App.1984); *People v. Mandel*, 48 N.Y.2d 952, 401 N.E.2d 185, 425 N.Y.S.2d 63 (N.Y.1979); *State v. Baron*, 58 N.C.App. 150, 292 S.E.2d 741 (N.C.App. 1982); *State v. Kringstad*, 353 N.W.2d 302 (N.D.1984); *State v. Boggs*, 63 Ohio St.3d 418, 588 N.E.2d 813, 816–18 (Ohio 1992);

opinions is not at all clear. Some recurring themes are that sex offenses are somehow unique because (1) they are easily charged and difficult to disprove;[17] (2) there are usually no witnesses to the offense, so the credibility of the complainant and the defendant are more critical issues;[18] and (3) the nature of the charge is apt to arouse sympathy and create bias.[19] None of these rationales persuades us to create an across-the-board exception to the Rules of Evidence for sex offenses.

- First, sex offenses are not any easier to charge or any more difficult to disprove than any other case. In fact, often it is just the opposite. Studies show that "rape is rarely reported to anyone, and women who do report the crime often wait days, weeks, months, or even years before confiding in a family member, a friend or a rape crisis counselor, much less going to the police."[20] The fact is that in sex offenses, it is often extremely difficult for the victim to come forward. And these offenses are no more difficult to disprove than any other accusation. As with any other charge, a defendant may argue mistaken identification, consent, failure of the State to meet its burden of proof, or any other defense available in a criminal case.

- Credibility of the witnesses is no more important in sex offenses than in any other case. Any case can involve a swearing match between two witnesses: an assault in which the defendant and the victim are alone and the defendant threatens the victim with imminent bodily injury; a kidnapping in which the defendant restrains the victim in an isolated location and the victim eventually escapes; an attempted theft in which the defendant and the victim are alone and the defendant grabs the victim's purse but is unable to get it away from the victim. In each of these examples, there is no physical evidence and there are no additional witnesses to the crime. In contrast, although some sex offenses have no corroborating physical evidence, many sex offenses do—such as evidence of victim penetration or traces of the attacker's DNA. So the complainant's and the defendant's credibility are no more critical issues in sex offense cases than in any other type of case.

- Any emotions associated with sex offenses are all the more reason to prevent admission of prior false accusations by the victim. To justify creating the special exception for sex offenses in *Boutwell*, we said that "[s]exual offenses are highly emotional issues in our society and the defendants are regarded differently from the 'ordinary' criminal."[21] But the same is true for victims of a sexual offense. They, too, are regarded differently from the "ordinary" victim. No other victim of any offense is so likely to be accused of fabricating, fantasizing, or "asking for it." The increased emotional level associated with sexual offenses is all the more reason to refuse to allow the jury to be additionally confused by collateral acts of misconduct by a witness. Indeed, that is the entire purpose behind Rule 608(b).

Legal commentators have also recognized the peculiarity of the sex-offense ex-

*Woods v. State*, 657 P.2d 180 (Okla.Crim.App. 1983); *State v. Nab*, 245 Or. 454, 421 P.2d 388 (Or.1966); *State v. Izzi*, 115 R.I. 487, 348 A.2d 371 (R.I.1975); *State v. Boiter*, 302 S.C. 381, 396 S.E.2d 364 (S.C.1990); *State v. Sieler*, 397 N.W.2d 89 (S.D.1986); *State v. Warner*, 79 Utah 510, 13 P.2d 317 (Utah 1932); *Clinebell v. Comm.*, 235 Va. 319, 368 S.E.2d 263 (Va.1988); *State v. Demos*, 94 Wash.2d 733, 619 P.2d 968 (Wash.1980).

**17.** *Hurlburt*, 333 P.2d at 85; *Nab*, 421 P.2d at 390; *Izzi*, 348 A.2d at 372.

**18.** *Hurlburt*, 333 P.2d at 85; *Nab*, 421 P.2d at 391.

**19.** *Nab*, 421 P.2d at 391.

**20.** Lynn Hecht Schafran, *Women in the Criminal Justice System; Writing and Reading About Rape: A Primer*, 66 St. John's L.Rev. 979, 1013 (1993).

**21.** *Boutwell*, 719 S.W.2d at 177.

ception recognized in other states. Professors Goode, Wellborn, and Sharlot point out that this rule "cannot be easily squared with the dictates of Rule 608(b). Typically, the probative value of such evidence flows from the inference it raises as to the complainant's propensity to make false claims—precisely the type of inference proscribed by Rule 608(b)." [22]

We agree. Rule 608(b) mandates that "[s]pecific acts not resulting in conviction may not be used to demonstrate the witness's untrustworthy nature." [23] As the Ohio Court has pointed out, "the mere fact that an alleged rape victim made prior false allegations does not automatically mean that she is fabricating the present charge." [24] Prior false allegations of abuse "do not tend to prove or disprove any of the elements of rape." [25]

So the out-of-state cases recognizing a "sexual offense" exception rely on nothing but generalizations, and the generalizations are just not true in every case. It makes no sense to say that certain factors will always be present in a case involving a sexual offense but will never be present in a case involving a different type of offense. In *Lagrone*, we refused to allow the defendant "to circumvent Criminal Rule 608(b)'s moratorium on the use of specific instances of conduct for impeachment." [26] We see no reason to create a special exception to Rule 608(b) today. A more logical approach is to look at each individual case to determine whether the Confrontation Clause demands the admissibility of certain evidence.

### Holding

■ Because we find (1) our precedent does not favor creating a special exception to the Rules of Evidence for sex offenses, and (2) the rationale of the out-of-state cases creating a universal sexual offense

exception is unpersuasive, we decline to create a *per se* exception to the Rule 608(b) for sexual offenses.

■ But although we decline to create a *per se* exception to the Rule, we acknowledge that the Confrontation Clause occasionally may require the admissibility of evidence that the Rules of Evidence would exclude. So we must consider whether the Confrontation Clause requires the admission of Paul's prior accusation under the facts of this case.

### Application of Law to Facts

We must balance the probative value of the evidence Lopez sought to introduce against the risk its admission entailed. Paul testified that Lopez forced Paul to perform oral sex on Lopez. According to the testimony at trial, the events occurred when Paul and Lopez were alone, so there were no other witnesses to corroborate either person's story. Further, the State had no additional evidence of Lopez's guilt. The trial was the prototypical "swearing match" between Lopez and Paul, so there was a heightened need on Lopez's part to impeach Paul's credibility.

■ But the evidence that Lopez sought to admit would not have achieved that goal. Lopez attempted to introduce evidence that Paul had previously falsely accused his mother of physical abuse. First, the prior accusation was never shown to be false. The record reflects that the Texas Department of Human Services "closed" the case and "ruled out" the abuse. But their file also indicates that the "likelihood of maltreatment is moderate" and that the case was closed because the mother was seeking counseling. This could simply indicate a lack of evidence to prove the allegation at that time, or an administra-

---

**22.** 1 GOODE, WELLBORN & SHARLOT, TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 608.1 (Supp.1998).

**23.** *Id.* at § 608.1 (1993).

**24.** *Boggs,* 588 N.E.2d at 816–17.

**25.** *Ibid.*

**26.** *Lagrone,* 942 S.W.2d at 613.

tive decision that, despite the allegation's validity, the parties would best be served by closing the case.

In addition, the allegation that Paul's mother had physically abused him by throwing him against a washing machine has almost nothing in common with Paul's accusing Lopez of forcing Paul to perform oral sex on Lopez. Without proof that the prior accusation was false or that the two accusations were similar, the evidence fails to have any probative value in impeaching Paul's credibility in this case. For these same reasons, the risk that this evidence would unduly prejudice and confuse the jury was high.

Although Paul's credibility was a crucial issue, we conclude that the Confrontation Clause does not demand admissibility of this evidence. Its probative value was extremely low, and the risk that its admission would confuse the jury was high.

## CONCLUSION

Since the evidence Lopez sought to admit was inadmissible under Rule 608(b), and the Confrontation Clause does not mandate its admissibility, we conclude the trial court properly refused to allow admission of the evidence.

We reverse the court of appeals and remand this case to that court to consider Lopez's second point of error.

MANSFIELD, J., delivered a concurring opinion. KELLER, J. joins with concurring opinion. JOHNSON, J., delivered a concurring opinion.

MANSFIELD, J., delivered the concurring opinion.

While I wholeheartedly agree with much of the well-written opinion of the majority and agree with the result it achieves, I cannot agree that a defendant accused of committing a sexual offense may not introduce evidence of prior accusations made by the complainant alleging commission of sexual offense(s) subsequently determined to be false.

The area of sex offenses is unique, having many aspects not found in connection with other offenses. First, in many cases, there is often little physical evidence and it often comes down to the word of the accuser versus that of the defendant. Often, the accuser is a young child whose memory may be limited or whose version of what may have actually occurred has been influenced by others with an agenda.[1] In some instances, the accuser and the defendant know each other, and the accusation is motivated by financial considerations (i.e., blackmail), later regret over what was a "voluntary" sexual encounter involving alcohol or drug consumption, or retaliation for being "dumped." Merely being publicly accused of a sex offense is devastating and results nearly always in the destruction of the reputation of the person (nearly always a male) so accused, even if subsequently found innocent. After all, the accused, but rarely the complainant, is the one whose name appears in print.

Given the above, fundamental fairness and due process require that the defendant charged with a sex offense be entitled, on cross-examination, to impeach the complainant with evidence that he/she has falsely accused others of having committed sex offenses against him/her. I would require the defendant, at the time the complainant is about to commence testifying, to inform the court, outside the presence of the jury, that he/she intends to introduce evidence of prior false accusations of sex offenses made by the complainant. The court would then be required to conduct a hearing, outside the presence of the jury, to evaluate said evidence and to de-

---

1. I note particularly the false charges of child sexual abuse that have resulted from "junk science" such as repressed memory syndrome and in divorce cases where such charges are used occasionally as a form of extortion to gain a favorable outcome with respect to custody and/or property division. I also acknowledge, however, that many bona fide cases involving sex crimes are not reported, for various reasons.

termine if it is admissible.[2] Its ruling would be subject on appeal to an abuse of discretion standard.

With these comments, I concur in the judgment of the Court.

KELLER, J., delivered a concurring opinion.

The Court today declines to adopt an across-the-board exception to Rule 608(b) for sexual offenses. I agree that a case-by-case approach is appropriate for determining when admission of evidence of prior false allegations is required by the Confrontation Clause. I think, though, that as a practical matter, evidence of prior false allegations will be admissible more often in sex cases than in most other types of offenses. The Court seems to suggest otherwise, and it is from this suggestion that I wish to distance myself.

The Court says that credibility of the witnesses is no more important in sex offenses than in any other case. Maybe so, but credibility is more likely to be the *only* factor in sex cases than it is in other types of cases. For most other kinds of offenses, one can expect corroborating evidence—missing property in a theft case, injury in an assault case, a body in a murder case. One can imagine scenarios in non-sex cases in which credibility of the witness is the only question for the jury, but they are exceptions to the norm. Usually there will be physical evidence of some kind which the jury may consider.

And consent is rarely raised in non-sex cases. When a defendant claims consent, physical evidence that sexual relations took place becomes moot; credibility of the parties becomes the whole question for the jury. I think that it is in sex cases that juries will most often be asked to reach a verdict solely on the basis of the uncorroborated testimony of a victim, and therefore I think that it is in sex cases that

the balancing approach will most often render such evidence admissible.

I join the opinion of the Court.

Johnson, J., filed a concurring opinion.

I concur only in the judgment of the court. Appellant was convicted of aggravated sexual assault and indecency with a child. At trial, appellant attempted to impeach P.M., the complainant, with a report from the Texas Department of Protective And Regulatory Services (TDPRS) concerning an allegedly false accusation of physical abuse that the complainant had earlier made against his mother. The trial court excluded the evidence. The Court of Appeals found that Tex.R.Crim. Evid. 608(b) (now Tex.R. Evid. 608(b)) prohibited this evidence from coming in, and that the exclusion of the evidence under Rule 608(b) violated appellant's Confrontation Clause rights. *Lopez v. State*, 989 S.W.2d 402, 408 (Tex.App.—San Antonio 1999). It reversed and remanded for a new trial. *Id.* We granted the state's petition for discretionary review to determine whether the trial court's exclusion of this evidence violated appellant's rights under the Confrontation Clause. *See* U.S. Const. amend. VI.

It appears from the record that the trial judge in the instant case did not base his decision on Rule 608(b). Instead, he stated that he was excluding the evidence because it was not "relevant to ... any of the matters that [were] on trial...." Tex. R.Crim. Evid. 403. In fact, there is little evidence that this prior accusation was false. Although the case worker from TDPRS seemed skeptical of the accusation, it is not clear why she recommended that the case be closed. According to the Court of Appeals,

> The case worker described P.M. as "very provocative and hard to handle," and had "the run of the house." She found that P.M. was unable to tell her what a "steel washer" was or where it

---

2. I agree with the opinion of the majority that evidence of prior false accusations of sexual misconduct, to be admissible, must be "clear and convincing."

was in his home, that P.M. did not have any injuries, and the incident was "ruled out." The report indicated that P.M. had trouble making and keeping friends because he refused to bathe and because he lied to them. He "is constantly making up stories." The case worker recommended that the case be closed.

*Lopez*, 989 S.W.2d at 404.[1] The Court also noted that the recommendation that the case be closed was "based in part on the case worker's conclusion that there was no corroborative evidence of physical abuse and also because P.M.'s mother was very cooperative in seeking counseling to help her deal with P.M.'s behavior." *Id.* at 404 n. 2.

This evidence had little of probative value going to the falsity of the accusation; this is apparently why the trial judge excluded it. On this basis, I do not believe that the trial court abused its discretion in excluding the evidence. Furthermore, such exclusion did not violate appellant's right of confrontation. As has been noted, trial judges retain wide latitude to impose reasonable limits on cross-examination. Such limits have been held not to conflict with the Confrontation Clause, which "guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (citing *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985)) (emphasis in original); *see also Carroll v. State*, 916 S.W.2d 494, 498 (Tex. Crim.App.1996). Therefore, I believe that the court of appeals erred in holding that appellant's rights under the Confrontation Clause had been violated.

However, the majority appears to have accepted that there is a conflict between Rule 608(b) and the Confrontation Clause. In this regard, it states that "[w]e have

previously indicated that the Confrontation Clause will prevail if there is a conflict between it and the rules of evidence," and that "Rule 101(c) of the Rules of Evidence dictates that the Constitution should control if there is a conflict." *Ante,* at 222. These statements indicate a misunderstanding of the law. Even without our previous statement or TEX.R. EVID. 101(c), any conflict between our rules of evidence and the Confrontation Clause would still require, as a matter of *federal constitutional law,* that the latter prevail over the former. *See* U.S. CONST. art. VI, cl. 2 (Supremacy Clause). The issue, of course, is whether there is such a conflict. As noted above, I do not believe that there is such a conflict.

Based on the foregoing, I concur only in the judgment of the Court.

---

1. The majority has, perhaps reasonably, assumed that "steel washer" means a washing machine. *Ante,* at 222, 226. However, the record offers nothing to support that assumption.