COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

EDGAR LLOYD GRAHAM,                                )

                                                                              )               No.  08-01-00291-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
238th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )                 
(TC# CR-25,970)

                                                                              )

 

 

O
P I N I O N

 

Edgar Lloyd Graham
appeals jury convictions on one count of aggravated sexual assault of a child
and one count of indecency with a child by exposure.  The jury assessed punishment at 25 years= imprisonment on the aggravated sexual
assault of a child offense and 3 years=
imprisonment for the indecency with a child by exposure offense.  We affirm.

On February 3,
2000, eleven-year-old T.A.T. wrote a letter to her school teacher, Ms. Singleton, that caused Ms. Singleton to suspect that T.A.T.
had been sexually assaulted. 
Ms. Singleton reported the letter to a school counselor, who in
turn contacted Child Protective Services (ACPS@). 
Angie Yarbar, a case worker with CPS, notified
Detective Sheldon Johnson of the Midland Police Department of a possible child
sex abuse case.








At trial, T.A.T.
testified that at the time of the incidents, Appellant, her mother=s former boyfriend, was living with her
family in Midland.  T.A.T. stated that
one day she finished taking a shower and was wearing a towel,
she walked out of the bathroom towards her bedroom to collect her clothes.  As T.A.T. was walking by, Appellant pulled
her into her mother=s
bedroom.  Appellant pulled off T.A.T.=s
towel, threw her on the bed, and sexually assaulted her by putting his penis
into her vagina.  T.A.T. testified that
she told Appellant to stop.  Appellant
told T.A.T. not to move, that if she moved it was going to hurt, and not to
tell anyone.  T.AT. remembered that she
was on the floor when Appellant stopped, that she felt pain, and that
afterwards she threw up in the bathroom. 
T.A.T. also testified to at least one other incident between she and Appellant. 
Sometime before the sexual assault in her mother=s
bedroom, T.A.T. recalled that Appellant exposed his penis in front of her while
they were alone in the kitchen of the family=s
home.








Detective Sheldon
Johnson testified during the State=s
case-in-chief that he started an investigation regarding T.A.T.=s
allegations against Appellant based on the information CPS obtained from
T.A.T.  Detective Johnson first
interviewed Appellant on February 3, 2000, at which time Appellant denied T.A.T.=s
allegations.  At a second interview on
February 24, 2000, Appellant admitted that he had sexual contact with
T.A.T.  In this interview, Appellant
stated that T.A.T. came out of the bathroom wearing a towel and he called her
into his bedroom.  Appellant asked her to
drop her towel, which she did, and he rubbed his penis on her vagina.  Appellant stated that this was the only
instance of sexual contact between him and T.A.T.  Appellant denied telling T.A.T. not to tell
anyone about the abuse.  At trial,
however, Appellant recanted this confession and testified that he had lied to
Detective Johnson at the February 24 interview, hoping that his confession
would prevent CPS from removing T.A.T. and T.A.T.=s siblings from their mother.  Appellant also denied exposing himself to
T.A.T.  According to Appellant=s testimony, Detective Johnson showed
Appellant T.A.T.=s
written statement, which described the details of her allegations.  The State then called Detective Johnson as a
rebuttal witness to refute Appellant=s
testimony.  Detective Johnson testified
that Appellant was not given any details concerning T.A.T.=s allegations during the first
interview nor was Appellant given any details before Appellant confessed at the
second interview.

Appellant was
charged with multiple counts of aggravated sexual assault of a minor, indecency
with a child by exposure, and indecency with a child
by contact.  The jury found Appellant
guilty of one count of aggravated sexual assault of a child and one count of
indecency with a child by exposure.








In his sole issue
for review, Appellant contends the trial court erred in denying him the right
to challenge the credibility of the complainant.  Specifically, Appellant complains that he was
denied his right to confrontation under the Texas and U.S. Constitutions when
he was precluded from admitting evidence that the victim made subsequent
allegations of sexual misconduct against third parties.[1]  Appellant also argues within his first issue
that he should have been allowed to introduce the evidence regarding the
subsequent allegations of sexual misconduct in order to show motive or bias of
the complainant.  This argument was not
presented to the trial court nor was the court asked to rule on this
basis.  Thus, Appellant did not preserve
this portion of his argument for appeal. Tex.R.App.P. 33.1.  In addition, Appellant argues that the trial
court=s
decision to exclude the proffered evidence denied him due process of law in
that due process involves the right to cross-examine a witness.  We deem this argument waived on appeal for
inadequate briefing and consider only the confrontation clause claims
asserted.  See Tex.R.App.P. 38.1(h); Hernandez
v. State, 24 S.W.3d 846, 852 (Tex.App.--El Paso
2000, pet. ref=d).

Standard
of Review

A trial court=s decision to exclude evidence is
reviewed under the standard of abuse of discretion.  Love v. State, 861 SW.2d 899, 903 (Tex.Crim.App. 1993). 
An abuse of discretion is shown when the trial court=s determination is so clearly wrong as
to lie outside the zone of reasonable disagreement.  Cantu v. State, 842
S.W.2d 667, 682 (Tex.Crim.App. 1992).








The Sixth
Amendment to the U.S. Constitution guarantees the right of an accused in a
criminal proceeding to be confronted with the witnesses against him.  Delaware v. Van Arsdall, 475 U.S. 673, 678, 106 S.Ct.
1431, 1434-35, 89 L.Ed.2d 674 (1986); Davis v. Alaska, 415 U.S. 308,
315, 94 S.Ct. 1105, 1109-10, 39 L.Ed.2d 347 (1974).  The Fourteenth Amendment to the U.S. Constitution
makes the right to confrontation applicable to the states.  Pointer v. Texas,
380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d
923 (1965).  This right includes
the opportunity for cross-examination.  Davis,
415 U.S. at 315-16, 94 S.Ct. at 110.  Similarly, the Texas Constitution provides
that in all criminal prosecutions, the accused shall be confronted with the
witnesses against him.  Tex.Const. art. I, ' 10.[2]  Confrontation clause challenges must be
examined on a case-by-case basis, carefully taking into account the defendant=s right to cross-examination and the
risk factors associated with admission of the evidence.  Lopez v. State, 18
S.W.3d 220, 222 (Tex.Crim.App. 2000).  In weighing whether evidence must be admitted
under the Confrontation Clause, the trial court should balance the probative
value of the evidence sought to be introduced against the risk its admission
may entail.  Id.  The trial court maintains broad discretion to
impose reasonable limits on cross-examination to avoid harassment, prejudice,
confusion of the issues, endangering the witness, and injection of cumulative
or collateral evidence.  Id.

Texas Rule of
Evidence 608(b) mandates that A[s]pecific instances of the conduct of a witness, for the
purpose of attacking or supporting the witness=
credibility, other than conviction of crime as provided in Rule 609, may not be
inquired into on cross-examination of the witness nor proved by extrinsic
evidence.@  Tex.R.Evid. 608(b).  In Lopez, the Court of Criminal
Appeals held that there is no per se exception to Rule 608(b) for sexual
offenses.  Lopez, 18 S.W.3d at 225. 
However, the Court acknowledged that the Confrontation Clause
occasionally may require the admissibility of evidence that the Rules of
Evidence, including Rule 608(b), would exclude. 
Id.

Applying
Lopez Balancing








Appellant argues
on appeal that the Confrontation Clause requires that T.AT.=s prior
subsequent and allegedly false accusations of sexual misconduct against her
brother and another person other than the Appellant were admissible
notwithstanding Texas Rule of Evidence 608(b). 
In determining the admissible of this evidence, we must balance its
probative value against the risk its admission entailed.  See Lopez, 18 S.W.3d
at 225.  At trial, Appellant
sought unsuccessfully to introduce evidence concerning the following specific
incidents that occurred subsequent to T.A.T.=s allegations against Appellant:  (1) CPS investigated T.A.T.=s allegation that her brother sexually
assaulted her in October 2000; (2) CPS investigated T.A.T.=s allegation that her brother sexually
assaulted her again in April 2001; and (3) T.A.T. alleged that a friend of the
biological child of her foster parents asked her to have sex with him.  On appeal, Appellant argues that T.A.T. made
false accusations against her brother and the friend of T.A.T.=s foster family and that under a Lopez
balancing test, the trial court should have admitted the evidence in Appellant=s bill of exceptions regarding the
subsequent allegedly false allegations of sexual misconduct.

Outside the
presence of the jury, T.A.T. testified that her brother put his penis inside
her vagina on at least two occasions. 
T.A.T. could not remember when, where, or how many times this occurred.  Appellant=s
counsel also inquired into an allegation T.A.T. made while she lived with a
foster family in Odessa.  T.A.T.
testified that a friend of the boy that lived in the foster family was spending
the night at the house.  The boy=s friend told her he wanted to have sex
with her that night and T.A.T. refused. 
T.A.T. stated that nothing sexual happened and that afterwards she did
not want to stay there anymore.








Also outside the
presence of the jury, Appellant=s
counsel offered the testimony of Tasha Finley, a case
worker with the Texas Department of Protective and Regulatory Services (ATDPRS@).  According to Ms. Finley, a friend of the
biological child of T.A.T.=s
foster parents made sexual remarks to T.A.T. that made T.A.T. feel
uncomfortable.  Based on T.A.T.=s
allegation, Ms. Finley had concluded that T.A.T. needed to be moved.  Ms. Finley stated that she talked with her
supervisor and decided it would be in the best interest of T.A.T. and the
foster family that T.A.T. be moved to another foster family without males.  While there was no complete investigation
done, Finley concluded that there was not a lot of truth to the
allegation.  Ms. Finley also expressed
her reservations as to T.A.T.=s
truthfulness to T.A.T.=s
mother.  On cross-examination, Ms. Finley
admitted that her unit never investigated T.A.T.=s allegation, but rather decided that
it would be better to move T.A.T. to a different foster family without males.

As to T.A.T.=s
allegations against her older brother, Ms. Finley testified that her department
had reason to believe that T.A.T.=s
brother sexually assaulted her in October 2000 on at least one occasion.  Without stating its reasons, Ms. Finley
stated that her 
department had Aruled
out@ the April 2001 incident.  However, Ms. Finley also stated that her
department continues to believe it is unsafe for T.A.T. to be around her
brother.








The State argues
on appeal that as in Lopez, the evidence of T.A.T.=s subsequent allegations of sexual
misconduct by third parties was properly excluded.  See Lopez, 18
S.W.3d at 220.  In Lopez,
the defendant was charged with aggravated sexual assault of a child and
indecency with a child.  Id. at 222. 
The complainant had previously made an allegedly false accusation of
physical abuse against his mother.  Id. at 221. 
The Court upheld the trial court=s
decision to exclude this evidence on two grounds.  First, the accusation was never shown to be
false.  Id. at
225.  Second, the allegation had
almost nothing in common with the allegation made against the defendant.  Id. at 226.  The Court found that A[w]ithout proof that the prior accusation was false or that
the two accusations were similar, the evidence fails to have any probative
value in impeaching [the victim=s]
credibility . . . .@  Id. 
The Court concluded that under the facts of that case, the Confrontation
Clause did not demand admissibility of evidence of which the probative value
was extremely low, but the risk of undue prejudice and jury confusion was
high.  Lopez, 18
S.W.3d at 226.  

In the present case,
the truth or falsity of T.A.T.=s
subsequent allegations was not conclusively established by the record.  Ms. Finley testified that her department had
reason to believe T.A.T=s
October 2000 allegation against her brother. 
As to the April 2001 allegation, the record reflects that TDPRS Aruled out@
the abuse.  As in Lopez, this
evidence may indicate a lack of evidence to prove T.A.T.=s allegation at the time.  See Lopez, 18. S.W.3d
at 225-26.  Further, Ms. Finley
indicated that her department still believed that contact between T.A.T. and
her brother was unsafe.  With respect to
T.A.T=s third
allegation, i.e., sexual remarks made to T.A.T. while she resided with an
Odessa foster family, Ms. Finley had serious reservations as to the veracity of
T.A.T.=s
allegation, but she conceded that her department never investigated the
matter.  The record does not indicate
that TDPRS made a finding as to the falsity of T.A.T.=s allegations.  Without proof that the three allegations were
false, we conclude that this evidence had little, if any, probative value.  Given that this evidence involved allegations
of sexual misconduct which are arguably similar to the charges against Appellant,
the risk of jury confusion was high.  We
find that the trial court did not abuse its discretion.  Accordingly, Issue One is overruled.

We affirm the
trial court=s
judgment.  

March
20, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
As Appellant notes in his brief, the record does not indicate a specific
objection on grounds that the exclusion of the evidence in question violated
his right to confrontation.  However, we
find that the issue was sufficiently preserved on the record for appellate review
given that the trial judge=s
rulings specifically addressed Lopez v. State, 18 S.W.3d 220 (Tex.Crim.App. 2000), which is directly germane to Appellant=s issue on appeal.  See Tex.R.App.P. 33.1.





[2]
Appellant appeals under both the Texas and United States
Constitutions.  Appellant concedes
that the Texas Constitution does not provide him greater protection than the
federal constitution.  Appellant fails to
point out any distinction between the confrontation clauses of the federal and
Texas Constitutions.  See Lagrone v. State, 942 S.W.2d 602, 612 (Tex.Crim.App. 1997), cert. denied, 522 U.S. 917, 118
S.Ct. 305, 139 L.Ed.2d 235 (1997).  We, therefore, consider Appellant=s state and federal claims in a joint
analysis and without distinction.