# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00038-CR

**William Edward Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR5502, HONORABLE DONALD LEONARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

The appellant, William Davis, was accused of sexually abusing his seven-year old granddaughter in 2003.[1] At the time, the complainant, her parents, and her siblings were living in a trailer behind the appellant's residence. Although they resided in a separate dwelling, the complainant and her siblings spent a great deal of time at the appellant's house and often spent the night there. The complainant also alleged that her father sexually abused her, and her father was eventually indicted for the alleged offense. However, the complainant's father unexpectedly died shortly after his indictment. As a result of all of the allegations, the complainant was removed from the custody of her parents.

---

[1] The record only refers to the grandchild as "050603." For purposes of this appeal, where relevant, we will refer to the grandchild as the "complainant."

During the appellant's trial, William Smith, a licensed professional counselor, testified regarding his therapy sessions with the complainant. In his testimony, Smith stated that the complainant informed him that her grandfather and her father had both sexually abused her. Another counselor, Sharon Beam, also testified regarding her therapy sessions with the complainant. Beam stated that the complainant had related that her father and her grandfather had both sexually abused her. In addition, Beam testified that the complainant told Beam that individuals other than the complainant's father and grandfather had abused her but that the complainant later admitted that those allegations weren't true.

In a motion in limine, the State asked the court to instruct the appellant not to refer to "[a]nything concerning evidence of [the complainant's] alleged sexual conduct . . . until which time as the jury can be retired and a hearing held to determine the admissibility of such evidence." The district court granted the motion. During the course of the trial, the State asked the district court to prohibit the appellant from presenting evidence that the complainant had also accused her father of sexually abusing her. Ultimately, the district court ruled that the appellant could not cross-examine the complainant regarding allegations that she had made about her father.

## DISCUSSION

On appeal, the appellant asserts that the district court erred by refusing to allow him to cross-examine the complainant regarding her allegations against her father. Essentially, he argues that the district court's ruling denied him his constitutional right to confront his accuser. *See* U.S. Const. amend. VI. Moreover, the appellant insists that cross-examining the witness would have been permissible under the rules of evidence. Specifically, he asserts that the fact that the claimant also

2

made allegations against her father is relevant to her credibility and that he should have therefore been allowed to cross-examine her regarding those allegations. *See* Tex. R. Evid. 611 (allowing party to cross-examine witness "on any matter relevant to any issue in the case, including credibility").

The rules of evidence generally prohibit the admission of evidence concerning the victim's past sexual behavior in a sexual-assault case. *See id.* 412. However, sometimes the Confrontation Clause of the Sixth Amendment requires the admission of evidence that the rules of evidence would otherwise prohibit. *Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000); *see* Tex. R. Evid. 412 (allowing admission of evidence of victim's previous sexual conduct if evidence "is constitutionally required to be admitted"). The Sixth Amendment mandates that an accused be given an opportunity to confront the witnesses against him in a criminal case. U.S. Const. amend. VI. Primarily, the right to confrontation means the right to cross-examine the witnesses opposed to the accused, *Davis v. Alaska*, 415 U.S. 308, 315 (1974), and this right extends to the States through the Fourteenth Amendment, *Caroll v. State*, 916 S.W.2d 494, 497 n.4 (Tex. Crim. App. 1996). Cross-examination essentially serves three purposes: (1) identifying "the witness with his community so that independent testimony may be sought and offered concerning the witness' reputation for veracity in that community," (2) allowing "the jury to assess the credibility of the witness," and (3) allowing "facts to be brought out tending to discredit the witness by showing that his testimony in chief was untrue or biased." *Id.* at 497; *see also Saglimbeni v. State*, 100 S.W.3d 429, 435 (Tex. App.—San Antonio 2002, pet. ref'd) (explaining that right to cross-examination includes right to impeach witness with relevant evidence illustrating bias, interest,

3

prejudice, inconsistent statements, traits of character affecting credibility, or impairment affecting witness's credibility).

However, while an accused has the right to confront and cross-examine witnesses, that right is not absolute. *See Saglimbeni*, 100 S.W.3d at 435. Although the Sixth Amendment should be liberally construed to properly protect the accused's constitutional rights, trial courts have "broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence." *Lopez*, 18 S.W.3d at 222; *see Saglimbeni*, 100 S.W.3d at 435. Appellate courts review a trial court's limitation of cross-examination for an abuse of discretion, and they will not interfere with the trial court's ruling if it is within the zone of reasonable disagreement. *Lempar v. State*, 191 S.W.3d 230, 236 (Tex. App.—San Antonio 2005, pet. ref'd).

For Confrontation-Clause purposes, in order for a prior accusation of sexual abuse to be admitted to impeach the credibility of the complainant, "there must be a showing that [the] evidence is probative." *Id.* at 239. In other words, "there must be evidence that the prior accusations were similar to the accusations in the instant case, and there must be evidence that the prior accusations were false." *Id.*; *see Hughes v. State*, 850 S.W.2d 260, 262-63 (Tex. App.—Fort Worth 1993, pet. ref'd) (stating that when "there is no evidence that the complainant made false accusations, any evidence concerning the accusations is inadmissible."). Submitting proof that the previous accusations were false is necessary to actually attack the credibility of the claimant and "establish a motive for the complainant to lie" in the present case. *See Hughes*, 850 S.W.2d at 263. Moreover, requiring this type of evidence before allowing cross-examination limits the risk of further

victimizing a complainant by urging that the complainant lies about sexual assault. *Lempar*, 191 S.W.3d at 239. Not requiring this type of proof before allowing defendants to question complainants regarding previous accusations would unduly prejudice the State's case and confuse the jury with information not relevant to the determination of whether the defendant was guilty of the crime alleged. *See id.*; *see also* Tex. R. Evid. 403 (allowing even relevant evidence to be excluded in order to prevent, among other things, confusion of issues).

During his trial, the appellant presented no evidence that the complainant's allegations against her father were false or that she had recanted her accusations. Without some evidence demonstrating that the allegations might be false, testimony concerning the complainant's allegations against her father would have been irrelevant to the final determination of the appellant's guilt. In other words, evidence demonstrating that the complainant had made allegations against her father, without more, would not have been relevant to a determination of whether the complainant fabricated her allegations against the appellant and, correspondingly, whether the appellant was guilty of the offense charged. Accordingly, the appellant failed to demonstrate that cross-examining the complainant regarding her allegations against her father was constitutionally required, and the district court's decision to limit the cross-examination of the claimant did not violate the appellant's constitutional right to confront the witnesses against him. *See* U.S. Const. amend. VI. For these same reasons, the appellant also failed to demonstrate that the evidence would have been admissible under the rules of evidence. *See* Tex. R. Evid. 401 (stating that evidence is relevant if it tends to make existence of fact "more probable or less probable than it would be without the evidence"), 402 (explaining that evidence that "is not relevant is inadmissible"). In light of the appellant's failure

5

to produce any evidence indicating that the complainant's prior allegations against her father were false, we cannot conclude that the district court abused its discretion by preventing the appellant from cross-examining the complainant regarding those allegations. *See Lape v. State*, 893 S.W.2d 949, 955-56 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (upholding exclusion of evidence of previous accusations when no evidence was introduced to show that allegations were false: complainant never admitted allegations against other men were false, and no other witnesses testified that allegations were false). Moreover, we note that the complainant's credibility had already been impeached through the testimony of one of the State's witnesses indicating that the complainant had made false allegations against other individuals while in therapy.

For all the reasons previously given, we overrule the appellant's sole issue on appeal and affirm the judgment of the district court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed

Filed: August 9, 2007

Do Not Publish