# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00603-CR

**Jonathan Senovio Aguilar, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-06-354, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Jonathan Senovio Aguilar of aggravated assault, *see* Tex. Penal Code Ann. § 22.02 (West Supp. 2008), and the trial court sentenced him to eight years in prison. Aguilar contends that the trial court violated his rights under the Confrontation Clause of the United States Constitution by refusing to admit certain impeachment testimony. We affirm.

On the night of March 5, 2006, appellant Jonathan Senovio Aguilar was drinking at a friend's apartment with some friends and acquaintances. Disputes arose over gang affiliation and, although each witness offered varying explanations as to how the disputes arose, they agree that the disputes eventually escalated into physical violence, including Aguilar stabbing Mark Tovar multiple times. At some point after the assault, Tovar returned to his apartment, which was located in the same apartment complex, and was air-flighted to San Antonio. Tovar underwent surgery and remained in the hospital for ten days.

Aguilar was indicted for aggravated assault. A jury convicted him as charged, and the trial court sentenced Aguilar to eight years in prison. In a single point of error, Aguilar argues that the trial court violated his rights under the Confrontation Clause of the United States Constitution by refusing to admit evidence that Aguilar sought to offer for purposes of impeaching Tovar.

We review a trial court's evidentiary rulings under an abuse-of-discretion standard. *Page v. State*, 213 S.W.3d 332, 337 (Tex. Crim. App. 2006). A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Texas Rule of Evidence 608(b) provides that a witness's credibility may not be impeached with specific instances of the witness's conduct other than a criminal conviction as provided in Rule 609(a). Tex. R. Evid. 608(b). However, the Confrontation Clause of the Sixth Amendment may require admission of evidence that Rule 608(b) would otherwise bar. *See Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000). In weighing whether evidence must be admitted under the Confrontation Clause, the trial court maintains broad discretion and should balance the probative value of the evidence sought to be introduced against potential risks of its admission, including harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative or collateral evidence. *Id.* at 222.

According to Aguilar, the trial court abused its discretion in not applying the Confrontation Clause exception to Rule 608(b). Aguilar's theory on appeal turns on the credibility of Tovar, the complaining witness. Aguilar contends that, contrary to Tovar's version of events, it was actually Tovar who initiated the fight, and it was Tovar who brought the knife that caused his own injuries. Aguilar contends that he was simply acting in self-defense.

2

The evidence Aguilar sought to introduce to attack Tovar's credibility is evidence that in 1998, during a search leading to a prior felony conviction for possession of marijuana, police recovered two ounces of marijuana pre-packaged for sale, weight scales, drug ledgers, and $274 in cash. According to Aguilar, this evidence shows that Tovar does or did, in fact, deal drugs despite having testified at trial that he has used but does not—and never has—dealt drugs. Aguilar argues that evidence suggesting that Tovar may have dealt drugs in the past supports Aguilar's contention that it was Tovar who brought the knife in order to "give others a key hit of cocaine off of it." At the time of trial, Tovar was on probation. According to Aguilar, since drug dealing would violate the terms of Tovar's probation, Tovar had an incentive to lie about dealing drugs.

In weighing the admissibility of the proffered evidence, we first examine the probative value of the evidence. *See Lopez*, 18 S.W.3d at 225. As a general matter, Aguilar seeks to offer the evidence to attack Tovar's credibility. Specifically, in light of items recovered from Tovar's residence pursuant to the 1998 search warrant, Aguilar takes issue with Tovar's statement that he was never a drug dealer. Even if admitted, however, evidence that those items were recovered from Tovar's residence in 1998 lends little, if any, support to Aguilar's credibility challenge.

Pursuant to Aguilar's offer of proof, Tovar admitted to possessing the items seized during the 1998 search of his apartment and testified that he had pleaded guilty to the charges against him in that instance. Despite pleading guilty to possession, however, there is no indication in the record that Tovar was ever convicted of selling any controlled substance. In addition, although the jury did not hear evidence of the specifics of the 1998 offense or conviction, Tovar testified before the jury that he had been convicted of a felony and was still on probation.

Here, the crime at issue is aggravated assault, and possession of or conviction for possession of controlled substance is a collateral issue. The simple fact that Tovar had been convicted of, and was still on probation for, a felony bears on his credibility such that the specifics of any particular crime are duplicative and irrelevant. There is nothing specific about possession or drug dealing in this particular context that would make Tovar's testimony any more or less credible than would the bare fact that Tovar had been convicted of a felony. Aguilar's contention that evidence of drug dealing suggests that Tovar brought the knife that was used to inflict his own injuries requires multiple assumptions and inferences not supported by the evidence—that Tovar was, in fact, dealing marijuana in 1998, that he was also dealing cocaine in 1998, that Tovar has continued to deal cocaine since 1998, that he was dealing the night of the incident, that he was offering free samples to potential purchasers, that he ultimately demanded payment for the samples, and that his demand for payment precipitated the fight. In these circumstances, evidence of items seized pursuant to a 1998 search warrant has little, if any, bearing on Tovar's credibility and is, therefore, inadmissible under the *Lopez* standard. *See* 18 S.W.3d at 222. Accordingly, we overrule Aguilar's sole point of error.

Having overruled Aguilar's point of error, we affirm the judgment of conviction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:  August 14, 2009

Do Not Publish

4