# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00631-CR

**Keith Edward Holt, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-08-262, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Keith Edward Holt guilty of four counts of sexual assault, and the district court assessed his punishment for each count at twenty-five years' imprisonment. *See* Tex. Penal Code Ann. § 22.011 (West Supp. 2009).[1] The jury also found appellant guilty of two counts of prohibited sexual conduct, and the court assessed his punishment for each count at ten years' imprisonment. *Id.* § 25.02. In three points of error, appellant contends that his convictions for both sexual assault and prohibited sexual conduct violate the constitutional guarantee against double jeopardy, that the trial court erroneously refused to allow him to offer evidence of previous

---

[1] Sexual assault is a first degree felony if the victim was a person whom the defendant was prohibited from marrying under penal code section 25.01. Tex. Penal Code Ann. § 22.011(f) (West Supp. 2009). Section 25.01 prohibits bigamy. *Id.* § 25.01. The evidence shows that appellant was legally married to another person at the time he sexually assaulted the complainant, and thus he was prohibited from marrying the complainant under section 25.01(a)(1).

false accusations of sexual abuse by the complaining witness, and that he was wrongfully denied a free record on appeal. We overrule these contentions and affirm the convictions.

The complainant, K.J., is appellant's niece, the daughter of appellant's brother. The complainant had been estranged from her father for several years, but due to circumstances that we need not detail, she stayed with her father and step-mother at their Hays County residence for several days in late October and early November 2006. At that time, appellant was temporarily separated from his wife and also living at his brother's house.

The complainant testified that on the night of November 2, 2006, her twenty-sixth birthday, she and appellant were alone in the garage of her father's house that was used as a recreation room. Appellant had been drinking heavily. Appellant told the complainant, "I'd like to give you a present—a birthday present, something you won't forget." He then seized her by the hair and pushed her face against his crotch. She testified that appellant exposed his penis and forced it into her mouth. Following this assault, the complainant went to the bedroom where she was sleeping. The door had no lock. She testified that at about 1:30 a.m., appellant entered the room and forcibly had sexual intercourse with her. At about 9:00 a.m. that same morning, appellant returned to the room and again assaulted the complainant, this time penetrating her both orally and vaginally.

Appellant's semen was found on vaginal swabs collected from K.J. during a sexual assault examination. Appellant did not deny having sexual intercourse with K.J. His defense, offered through the testimony of his wife, was that K.J. assaulted him. Appellant's wife testified that she received a telephone call from appellant on the morning of November 3, 2006. She said that appellant was "upset and distraught." She continued: "And he said he had gotten drunk, he passed

2

out on the couch, and when he woke up that [K.J.] was on top of him. And his words were, 'She was humping me.' He said, 'I was wet.' And he said, 'Evidently, I had an ejaculation.' He said, 'It's sickening to me, that's my niece . . . . I can't stand it, and I don't know what to do. . . .'"

Counts one and two of the indictment alleged that on or about November 3, 2006, appellant penetrated the complainant's mouth with his sexual organ without her consent. *See id*. § 22.011(a)(1)(B). Counts three and four alleged that on or about November 3, 2006, appellant penetrated the complainant's sexual organ with his sexual organ without her consent. *See id*. § 22.011(a)(1)(A).[2] Count five alleged that on or about November 3, 2006, appellant engaged in deviate sexual intercourse with his brother's daughter. *See id*. § 25.02(a)(5). Count six alleged that on or about November 3, 2006, appellant engaged in sexual intercourse with his brother's daughter. *See id*. The court's charge authorized appellant's conviction on all six counts in language that tracked the indictment. As he began his argument to the jury, the prosecutor explained the six counts to the jury as follows:

I want to just kind of go through the counts with you to let you know what those counts are. "Count I, penetration of the mouth of [K.J.]" We're talking about that assault that occurred in the garage.

"Count II, penetration of the mouth of [K.J.]," we're talking about the assault that happened the next morning.

"Count III, penetration of the sexual organ," we're talking about that assault that occurred about 1:30 at night when she went back into her bedroom.

---

[2] The four sexual assault counts also alleged that appellant was prohibited from marrying the complainant under penal code section 25.01. *See* fn.1, *supra*.

3

Count IV that next time her vagina was penetrated early the next morning. We talked about that.

. . . .

"Prohibited sexual conduct." Again, any conduct between these two people is a crime because of their relationship, because it's incest, because it's wrong. And that's the two counts of prohibited sexual conduct: one for [appellant] putting his genitals in [K.J.'s] mouth is one count and one count is for inserting his male sexual organ in her female sexual organ.

Appellant objected to the charge on the ground that it permitted him to be convicted on six counts even though he was accused of only four wrongful acts. Appellant now urges, as he did below, that convictions for sexual assault and prohibited sexual conduct based on the same act constitute multiple punishments for the same offense in violation of the Double Jeopardy Clause. *See* U.S. Const. amend. V.

The Fifth Amendment protects against a second prosecution for the same offense following a conviction or an acquittal, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The guarantee against multiple punishments does no more than prevent greater punishment than the legislature intended. *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). When the same act violates two different penal statutes, the two offenses are the same for double jeopardy purposes if one of the offenses contains all the elements of the other; they are not the same if each offense has a unique element. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Absent a clear indication of contrary legislative intent, it is presumed that the legislature did not intend to authorize multiple punishments for two offenses that are the same under *Blockburger*. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).

4

Sexual assault has an element, lack of consent, that is not an element of prohibited sexual conduct. Prohibited sexual conduct has an element, the family relationship between the parties to the sex act, that is not an element of sexual assault. Thus, sexual assault and prohibited sexual conduct are not the same offense under *Blockburger*. Moreover, there is no clear indication that the legislature intended to prohibit multiple punishments when the same conduct violates both statutes. *See Ervin v. State*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999) (listing factors to consider). Sexual assault and prohibited sexual conduct both have the word "sexual" in their names, but they are not defined within the same statute, are not phrased in the alternative, and (in general) do not have the same punishment range. The two offenses do not have a common focus: the focus of the sexual assault statute is the nonconsensual nature of the sex act, while the focus of the prohibited sexual conduct statute is the family relationship between the parties to the sex act. Appellant does not assert that there is "an imputed theory of liability which would result in the offenses being considered the same," and he does not refer us to legislative history reflecting an intent to treat the offenses as the same for double jeopardy purposes. *Id*.

We hold that appellant's convictions for sexual assault and prohibited sexual conduct, although based on the same conduct, do not constitute multiple punishments for the same offense. Point of error one is overruled.

In his second point of error, appellant contends that his Sixth Amendment rights were violated when the trial court refused to permit him to offer evidence that K.J. had falsely accused her father of sexual abuse. U.S. Const. amend. VI. Outside the jury's presence, K.J.'s father testified that when K.J. was a teenager, and soon after he and K.J.'s mother were divorced, K.J. accused him

5

of sexually abusing her. He testified, "I think she was upset with me at the time of all this because of some things that had happened. I was trying to put her through school; she was living with me. And I believe after—she got mad at me over some other stuff and when she left and went back to her mother's house, that's when these allegations came up." They were living in Oklahoma at the time. K.J.'s father testified that Oklahoma authorities investigated the accusations, which he denied, and "dropped the case."

Records from the Oklahoma Department of Human Services were introduced at the hearing by the State. These records reflect that accusations of sexual abuse made by K.J. against her father were investigated twice, in 1995 and 1996. The first investigation began when K.J. accused her father of touching her breast seven years earlier, while he was intoxicated. According to the records, her father admitted this touching. The second investigation began after K.J. accused her father of touching her sexually on a regular basis between the ages of seven and twelve. The records reflect that both investigations confirmed the allegations of abuse, but that no court action was taken against K.J.'s father.

Except for criminal convictions, specific instances of conduct by a witness may not be used to impeach the witness's credibility. Tex. R. Evid. 608(b). The Sixth Amendment, however, guarantees the right of an accused to confront the witnesses against him and may occasionally require the admission of evidence that the rules of evidence would exclude. *Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000). In deciding whether evidence must be admitted under the Confrontation Clause, a trial court should balance the probative value of the evidence sought to be introduced against the risk its admission may entail. *Id*. Under the

Confrontation Clause, a trial court maintains broad discretion to impose reasonable limits on cross-examination or impeachment to avoid harassment, prejudice, confusion, and the injection of cumulative or collateral evidence. *See id*. at 222. In *Lopez*, the court of criminal appeals refused to create a special exception to rule 608(b) for sexual offenses. *Id*. at 225.

We find no abuse of discretion in the trial court's exclusion of the proffered testimony. For one thing, the record fails to demonstrate that K.J.'s outcries against her father were false. Although her father testified that the accusations were false, the records from the resulting investigations indicate that the accusations were confirmed. As the trial court observed in excluding the evidence, "It seems to me that we would have to have a mini trial as to those allegations and there would have to be evidence going back and forth concerning the various . . . issues regarding reason to believe and closing out a case and so forth." Moreover, the defense had ample opportunity to impeach K.J.'s credibility. K.J. admitted having been convicted and imprisoned for embezzling $30,000 from a bank at which she was employed, and her father, stepmother, and step-grandmother each testified that she was not a truthful person. Point of error two is overruled.

Finally, appellant contends that the trial court erred by denying him a free record on appeal without conducting a hearing on his motion. Appellant's motion for a free record was not supported by the required affidavit. *See* Tex. R. App. P. 20.2. Appellant is represented by retained counsel on appeal, as he was at trial. There is no evidence of indigence in the record. A complete appellate record was filed, and any issue regarding appellant's entitlement to a free record is moot. Point of error three is overruled.

The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   June 2, 2010

Do Not Publish