Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed and Memorandum Opinion filed January 17, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00324-CR

_______________

 

RANDALL M. SAMLALSINGH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 948,974

_________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Randall
M. Samlalsingh appeals a conviction for aggravated sexual assault of a child under
14[1]
on the grounds that: (1) the trial court violated his right to confrontation by
limiting his cross-examination of the complainant; and (2) he was denied
effective assistance of counsel.  We
affirm.








Confrontation

Appellant=s first issue argues that the trial
court violated his right to confrontation by not allowing him to question the
complainant about her pregnancy fathered by another person roughly a year after
the assault for which appellant was charged. 
Appellant argues that the fact of this subsequent pregnancy with another
person suggests that the other person may have actually committed the assault
for which appellant was charged, and could thus establish bias by the
complainant in falsely accusing appellant to protect this person.  Appellant contends that the complainant Aopened the door@ to questioning about the subsequent
pregnancy by making reference to her Ababy daddy@ during direct examination.  The trial court allowed appellant to question
the complainant about any sexual relationships she may have had during the time
she was allegedly involved with appellant and about whether anyone besides
appellant could have impregnated her at that time, but did not permit appellant
to bring up the subsequent pregnancy because it was not relevant and could
cause the jury to Acast moral judgments as opposed to judgments on the law and
the facts of this case.@








A
primary interest secured under the Confrontation Clause[2]
is a criminal defendant=s right of cross-examination over all matters reasonably
calculated to expose the jury to facts from which they can draw inferences
regarding the accuracy and truthfulness of a witness=s testimony, including the witness=s motivation for testifying and other
potential biases.[3]  In weighing whether evidence must be admitted
under the Confrontation Clause, the trial court should balance the probative
value of the evidence sought to be introduced against the risk its admission
may entail.  Lopez v. State, 18
S.W.3d 220, 222 (Tex. Crim. App. 2000). 
The trial court maintains broad discretion to impose reasonable limits
on cross-examination to avoid, among other things, prejudice, confusion of the
issues, and the injection of cumulative or collateral evidence.  Id.

Appellant=s brief does not explain how the
subsequent pregnancy is probative of whether the other person also committed
the assault for which appellant was charged, and cites no other evidence
supporting the contention that the charged assault was committed by anyone
other than appellant, let alone the person who fathered the later pregnancy.  Nor does appellant=s brief provide any other support for
his bias argument that would raise it above rank speculation.  Moreover, appellant asked the complainant
whether: (1) she knew the other person at the time she was allegedly assaulted
by appellant; (2) that person had been her boyfriend at that time; and (3) this
trial was Aabout trying to protect@ the other person.  Additionally, during closing argument,
appellant=s trial counsel specifically referred
to his cross-examination of the complainant regarding the other person and
reminded the jury that there was someone else who may have had access to
her.  Under these circumstances,
appellant=s first issue fails to demonstrate
that it was not within the trial court=s discretion to deny
cross-examination regarding the subsequent pregnancy.  Therefore, it is overruled.

Ineffective Assistance

Appellant=s second issue contends that he
received ineffective assistance of counsel by his trial counsel not only
failing to make a closing argument during the punishment phase, but declining
the opportunity in a way that suggested contempt for the jury:  AYour Honor, we have nothing to say to
this jury at this stage.@[4]








A
defendant=s right to effective assistance of
counsel is denied when a defense attorney=s performance falls below an
objective standard of reasonableness and there is a reasonable probability
that, but for the error, the result of the proceeding would have been
different.  Yarborough v. Gentry,
540 U.S. 1, 5 (2003); Scheanette v. State, 144 S.W.3d 503, 509 (Tex.
Crim. App. 2004), cert. denied, __ U.S. __, 125 S. Ct. 872 (2005).  Counsel has wide latitude in deciding how
best to represent a client and deference to counsel=s tactical decisions in his closing
presentation is particularly important because of the broad range of legitimate
defense strategies at that stage, including foregoing jury argument altogether.
 Yarborough, 540 U.S. at 6.  Finally, without a specific demonstration of
prejudice supported by the record, we cannot find ineffective assistance of
counsel.  See Bone v. State, 77
S.W.3d 828, 837 (Tex. Crim. App. 2002).

In
this case, appellant contends that jury argument was particularly important for
mitigating his punishment because: (1) the sexual relationship between
appellant and the complainant was consensual[5]
and the complainant did not want appellant punished; (2) appellant was from
another culture where sexual mores may well be different; (3) appellant had no
history of this type of behavior; and (4) regardless of the sentence, appellant
must register as a sex offender for life.








However,
the first two of the foregoing facts, if argued, may not only have had no
beneficial effect on the jury=s assessment of punishment, but might well have had a
negative effect.  As to the third,
appellant=s lack of documented history of this
type of behavior may also have been of little benefit in light of the evidence
of his repeated assaults on the complainant, the evidence that he wanted her to
abort the fetus to keep him from going to jail, and his previous conviction for
burglary of a habitation with intent of aggravated assault. Regarding the
fourth consideration, no such information was provided in the jury charge, and
appellant has cited no authority that any such argument of law outside the
charge would have even been permissible, let alone effective.  Lastly, the thirty year sentence imposed by
the jury, being in the low end of the punishment range of fifteen years to life
imprisonment[6]
fails to support a claim of ineffective assistance of counsel. Under these
circumstances, we have no basis to conclude that counsel=s failure to present closing argument
at punishment was below an objective standard of reasonableness or that, had
closing argument been presented, there is a reasonable probability that the
jury would have assessed a shorter sentence. 
Therefore, appellant=s second issue is overruled, and the judgment of the trial
court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed January 17, 2006.

Panel consists of
Justices Fowler, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty and assessed punishment at 30 years confinement.





[2]           See
U.S. Const. amend. VI; Tex. Const. art. 1, ' 10.





[3]           Davis
v. Alaska, 415 U.S. 308, 315-18 (1974); Lopez v. State, 18 S.W.3d
220, 222 (Tex. Crim. App. 2000); Hoyos v. State, 982 S.W.2d 419, 420-21
(Tex. Crim. App. 1998).





[4]           Appellant
argues that this statement in and of itself shows contempt for the jury.  However, nothing in our record supports this
contention.  While we may speculate that
this statement was made in a contemptuous manner, ineffective assistance of counsel
claims must be firmly founded in the record. 
Scheanette v. State, 144 S.W.3d 503, 510 (Tex. Crim. App. 2004), cert.
denied, __ U.S. __, 125 S. Ct. 872 (2005).





[5]           Aggravated
sexual assault of a child under 14 does not require that the offense occur
without the “consent” of the child.  See
Tex. Pen. Code Ann. ' 22.021(a)(1)(B)(I), (a)(2)(B) (Vernon 2005).





[6]           Because
appellant had been convicted of a prior felony, the range of punishment for
this offense was 15 years to life imprisonment. 
See Tex. Penal Code Ann.
' 12.42(c)(1) (Vernon 2005).