Opinion issued July 6, 2006



















In The
Court of Appeals
For The
First District of Texas



NO. 01-05-00722-CR
____________

KERRY WEST BRADSHAW, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the 185th District Court
Harris County, Texas 
Trial Court Cause No. 1011330

 
 
MEMORANDUM OPINION
 
          A jury found appellant, Kerry West Bradshaw, guilty of the offense of
aggravated assault with a deadly weapon.


 The trial court, after finding true the
allegation in an enhancement paragraph that appellant had been previously convicted
of the felony offense of aggravated assault, assessed appellant’s punishment at
confinement for twenty years. In his sole issue, appellant contends that the trial court
“committed constitutional error” in excluding a criminal complaint and probable
cause affidavit, in which it was alleged that the complainant had previously
committed an aggravated assault on appellant. We affirm. 
Factual and Procedural BackgroundHouston Police Officer G. Lopez testified that, at approximately 3:40 p.m. on
December 25, 2004, he was dispatched to the 2400 block of Leffingwell Road in
response to a “cutting in progress.” When Lopez arrived at the scene, he saw the
complainant lying in the driveway at 2411 Leffingwell, a puddle of blood in the
middle of the street, and appellant walking around with a laceration to his left hand.
Lopez also saw a bloody machete, which was sticking blade-first into the ground just
south of the driveway. Lopez explained that, based on “drag marks” leading from the
puddle of blood, it appeared that the complainant had been stabbed on the street, and
his unconscious body had been dragged to the spot where he was lying on the
driveway. Lopez did not see any weapons near the complainant, who had blood
“bubbling out of the left side of his head” and appeared to be dead. At the scene,
appellant explained to Lopez that “he did it in self-defense because his brother, the
complainant, had picked up an object and tried to hurt him.” However, appellant
could not identify or describe the object that was used in the complainant’s alleged
attack. Both the complainant and appellant were transported from the scene by
ambulance due to their injuries.
          Sharon Quacoo, a long-time neighbor of the complainant and appellant,
testified that, on the same afternoon, she was taking Christmas pictures with family
members in her front yard at 2408 Leffingwell. At some point, Quacoo heard a
neighbor, who was watching the complainant and appellant, say, “don’t do that, don’t
do that.” Quacoo had seen the complainant and appellant engage in “little spatters”
before, and initially advised the neighbor to leave the brothers alone. When she
turned to see what was happening, Quacoo saw appellant approaching the
complainant with a machete. Quacoo testified that the complainant was unarmed and
had only a beer can in his hand. As the complainant was “backing up,” appellant
started “chopping at him.” The complainant, who appeared intoxicated, “fell to the
ground and [appellant] was over him, cutting him.” Quacoo explained that the
complainant was never able to fight back. At some point, while appellant attempted
to “come down and cut [the complainant], [appellant] hit his [own] wrist and his wrist
got cut.” Quacoo immediately called for emergency assistance, fearing that appellant
was going to kill the complainant. Appellant eventually stopped hitting the
complainant with the machete, grabbed him by the back of his shirt, and dragged him
to the driveway. Appellant stated to the complainant, “That’s where you’re going to
die. You going to die here.” Appellant then left the complainant in the driveway and
told Quacoo to “be prepared for the undertaker.” 
          Cornelius Bradshaw, the complainant, testified that he had shared the 2411
Lefingwell home with appellant, his brother, since being paroled from a seven-year
prison sentence for aggravated robbery. The complainant explained that, although
the police had been called out to the house for several arguments between him and
appellant, they “got along pretty well” and that, when they did fight, it was “just your
average fight between brothers.” The complainant further explained that he and
appellant would “wrestle a lot” but did not recall “having any blows.” The
complainant testified that the last thing he remembered from December 25, 2004 was
leaving his home in the early evening to go to the store. He woke up in the hospital
about three days later with several cuts to his head, neck, arms, and back. 
          During cross-examination, appellant’s counsel asked the complainant about
being charged with aggravated assault in 2003, to which the State objected. An off-the-record bench conference ensued. When the conference was concluded,
appellant’s counsel again asked the complainant whether he and appellant had ever
“come to blows,” to which the complainant responded, “Not that I can recall.”
          At the end of the guilt phase, the subject matter of the off-record conference
was discussed and recorded. The trial court explained that “[t]here had been some
discussion about an aggravated assault charge that was filed against [the complainant]
by [appellant].” Appellant gave a copy of a complaint and probable cause affidavit
to the trial court, in which it was alleged that, on or about December 9, 2003, the
complainant had hit appellant in the head with a deadly weapon, namely a pipe,
causing him injury and placing him in fear of his life. The State told the trial court
that a grand jury had returned a “no-bill” in the case. In recalling the sidebar
conference, the trial court explained that “both sides made arguments, pro and con,”
and “the Court sustained the State’s objection to that question.” 
          Appellant offered the complaint and probable cause affidavit as part of a bill
of exception and argued that the trial court should have admitted the evidence
because it (1) rebutted the complainant’s claim that he had never struck appellant and
(2) tended to support appellant’s self-defense theory “raised by Officer Lopez’s
testimony” by demonstrating “past bad acts by [the complainant] against [appellant].” 
The trial court again sustained the State’s objection, explaining that it “did not find
that either Mr. Bradshaw [the complainant] or . . . the police officer [Lopez] had
opened the door to specific acts.”
Standard of Review
          A trial court has discretion to decide the admissibility of evidence and, absent
an abuse of discretion, its rulings will not be overturned. Moses v. State, 105 S.W.3d
622, 627 (Tex. Crim. App. 2003). To determine whether a trial court has abused its
discretion, this Court will consider “whether the [trial] court acted without reference
to guiding rules and principles; that is, whether the court acted arbitrarily or
unreasonably.” Fox v. State, 115 S.W.3d 550, 558 (Tex. App.—Houston [14th Dist.]
2002, pet. ref’d). If a trial court’s decision is correct under any theory of law, the
decision should not be disturbed even if the trial court gave the wrong reason for its
ruling. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
          There are two distinct situations in which rulings excluding a defendant’s
evidence “might rise to the level of a constitutional violation: (1) a state evidentiary
rule which categorically and arbitrarily prohibits the defendant from offering
otherwise relevant, reliable evidence which is vital to his defense; and (2) a trial
court’s clearly erroneous ruling excluding otherwise relevant, reliable evidence which
‘forms such a vital portion of the case that exclusion effectively precludes the
defendant from presenting a defense.’” Wiley v. State, 74 S.W.3d 399, 405 (Tex.
Crim. App. 2002) (citing Potier v. State, 68 S.W.3d 657, 659–62 (Tex. Crim. App.
2002)). 
Defense Evidence
          In his sole issue, appellant argues that the trial court “committed constitutional
error” in excluding the aggravated assault complaint and probable cause affidavit
because it prevented him from presenting his self-defense theory and from
impeaching the complainant’s testimony.
Self-Defense
          Appellant asserts that evidence of the complainant’s prior aggravated assault
against appellant was admissible under Rule 404(b) of the Texas Rules of Evidence,
which provides:
Evidence of other crimes, wrongs or acts is not admissible to prove the
character of a person in order to show action in conformity therewith. It
may, however, be admissible for other purposes, such as proof of
motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident, provided that upon timely request by the
accused in a criminal case, reasonable notice is given in advance of trial
of intent to introduce in the State’s case-in-chief such evidence other
than that arising in the same transaction.
 
Tex. R. Evid. 404(b). Citing Tate v. State, appellant notes that the Texas Court of
Criminal Appeals has held that a defendant may present reputation or specific act
evidence to show a victim’s character and demonstrate that either the defendant had
a reasonable fear of the victim, or the victim was, in fact, the aggressor. 981 S.W.2d
189, 192 (Tex. Crim. App. 1998). The court in Tate concluded that evidence of an
uncommunicated threat made by the victim one or two months before the offense was
admissible because the evidence was probative of the victim’s intent or motive to
cause the defendant harm on the night in question. Id. at 193. The court explained
that the evidence “shed light upon [the victim’s] state of mind when he entered [the
defendant’s] house.” Id. 
          Appellant asserts that evidence of the complainant’s prior assault on appellant
was probative of the complainant’s violent character and supports his self-defense
theory. Appellant notes that, unlike the defendant in Tate, appellant had previously
been attacked by the complainant, making appellant’s apprehension of danger and his
self-defense claim even more credible. 
          The State argues that the complaint and probable cause affidavit was properly
excluded on independent grounds of hearsay. Under Rule 801 of the Texas Rules of
Evidence, a statement is hearsay if it is “other than the one made by the declarant
while testifying at the trial or hearing, offered in evidence to prove the truth of the
matter asserted.” Tex. R. Evid. 801. We note that, generally, recitals in search
warrants are hearsay and not admissible before a jury. Foster v. State, 779 S.W.2d
845, 857–58 (Tex. Crim. App. 1989). The same is also true of the hearsay recitals
“contained in an arrest warrant affidavit and complaint.” Id. at 858. Here, appellant
sought to introduce the affidavit of a police officer recounting that appellant had
previously told him that the complainant had assaulted him.” Appellant was trying
to prove that he had reason to fear the complainant and, thus, appellant sought to
prove the truth of the statements in the complaint and probable cause affidavit. 
          Exclusions of evidence under the rule against hearsay evidence are limited by
the Confrontation Clause of the Sixth Amendment.


 Lopez v. State, 18 S.W.3d 220,
222 (Tex. Crim. App. 2000) (stating that “the Confrontation Clause will prevail if
there is a conflict between [the Confrontation Clause] and the Rules of Evidence”). 
The United States Supreme Court has stated that in circumstances “where
constitutional rights directly affecting the ascertainment of guilt are implicated, the 
hearsay rules may not be applied mechanistically to defeat the ends of justice.” 
Chambers v. Mississippi, 410 U.S. 284, 302, 93 S. Ct. 1038, 1049 (1973). However,
“evidentiary rulings rarely rise to the level of denying the fundamental constitutional
rights to present a meaningful defense.” Potier, 68 S.W.3d at 663. “Exclusions of
evidence are unconstitutional only if they ‘significantly undermine fundamental
elements of the [accused’s] defense.’” Id. at 666 (quoting United States v. Scheffer,
523 U.S. 303, 315, 118 S. Ct. 1261, 1267–68 (1998)). An exclusion is not prejudicial
if “[the defendant] was not prevented from presenting the substance of his defense to
the jury.” Potier, 68 S.W.3d at 666 (quoting United States v. Willie, 941 F.2d 1384,
1398–99 (10th Cir. 1991)).
          Here, appellant was not prevented from cross-examining the complainant and
Quacoo about the brothers’ relationship, including the previously alleged assault by
the complainant on appellant. Appellant asked several questions about prior police
calls to the brothers’ residence as well as general questions regarding what happened
when the complainant and appellant fought. After the bench conference, appellant
again asked the complainant whether he and appellant had ever “come to blows.” 
The record also reveals that appellant asked the complainant about the complainant’s
previous convictions for aggravated robbery, forgery, and false report to a police
officer, his discharge from the navy, and other topics from which the jurors could
have drawn negative inferences about the complainant’s peaceable character and
trustworthiness. Appellant was also able to raise the substance of his self-defense
theory through Officer Lopez, who testified that, at the scene, appellant told him that
the complainant “had picked up an object and tried to hurt him.” Moreover, the
record does not demonstrate that appellant tried to present the evidence in the
complaint and the probable cause affidavit in an otherwise admissible form, i.e., by
calling the affiant to testify in court or by testifying about the previous incident
himself. Accordingly, we hold that the trial court did not abuse its discretion in
excluding the criminal complaint and the probable cause affidavit from evidence.
          We overrule appellant’s sole issue. Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Terry Jennings
Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b)