Opinion issued December 13, 2007 









 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00147-CR

____________


KELVIN LAMONT PETEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 1009164






MEMORANDUM OPINION

 A jury found appellant, Kelvin Lamont Peten, guilty of the offense of
aggravated sexual assault of a child under fourteen years of age (1) and assessed his
punishment at confinement for six years. In his sole point of error, appellant contends
that the trial court erred in excluding evidence of the complainant's past "physical
relationship" with her cousin in violation of the Confrontation Clause of the Sixth
Amendment of the United States Constitution. (2) 

 We affirm. 

Factual Background

 The complainant testified that on August 7, 2004, when she was twelve years
old, appellant, her uncle, picked her and her cousin up at their church and drove them
to appellant's house. At this time, the complainant thought that her "Uncle Peten . . .
was just a nice person." While she and her cousin watched a movie together in her
cousin's room, appellant interrupted them and called for the complainant to come to
his bedroom. The complainant could not remember why appellant summoned her, but
appellant and she started talking and watching television together on his bed. 
Appellant then started to rub his hand up and down the bottom part of her leg. He
laid his body over the complainant with his head near her vagina, removed the
complainant's "skort" and underwear, and started to lick her vagina. The complainant
asked him to get off of her, and she tried to push him off of her, but he was "too
heavy." After approximately two minutes, appellant stopped and the complainant
redressed. When she walked towards the door to leave, appellant placed his foot in
front of the door, blocking her departure. When she asked appellant to remove his
foot, he finally let her leave without saying anything. (3) 

 The complainant went back to her cousin's room and told him what had
happened. (4) Less than one hour later, appellant took the complainant home. That
night, although the complainant called her older sister, who lived elsewhere, to tell
her what had happened, her sister did not answer her telephone. The complainant
explained that she did not tell her parents what had happened that night because she
was "scared." Around 3:00 p.m. to 4:00 p.m. the next day, however, the complainant
got in touch with her sister and told her what appellant had done to her. Later that
night, after their mother returned home from work at around 10:00 p.m., the
complainant and her sister told her how appellant had sexually assaulted the
complainant.

 Appellant testified that the complainant was in the bedroom alone with him for
no more than two minutes and that she came in without being asked. (5) He denied that
he had licked the complainant's vagina. Appellant explained that he could not have
lain on his front side on top of the complainant because, at that time, he was suffering
from keloids, an over-healing of the skin, which caused sharp pains on his chest. 

Confrontation Clause

 In his sole issue, appellant argues that the trial court violated the Confrontation
Clause in limiting his counsel's cross-examination of the complainant's cousin
because, if allowed, the cross-examination would have revealed "inconsistencies in
the [complainant's] story." 

 During trial, the following exchange occurred between appellant's counsel and
the complainant:

[Appellant's counsel]: Okay. Do you remember when the woman
from Child Assessment Center was having the
interview with you, she asked you if anybody
else had ever touched you or if you touched
anybody else ever before this incident. Do
you recall her asking you that?


[The complainant]: Yes.


[Appellant's counsel]: And what was your answer?


[The complainant]: No. 


(Emphasis added).

 Later in the trial, while cross-examining the complainant's cousin, appellant
attempted to introduce evidence that the complainant and her cousin had had "a
physical relationship" with each other before the complainant's interview at the
Children's Assessment Center. Appellant asserted that the testimony was admissible
"to impeach the [complainant's] statement that nobody has ever touched her." The
State objected to the testimony, and the trial court excused the jury while appellant's
counsel made an offer of proof, after which appellant argued that the evidence was
admissible because it demonstrated the "motive or bias of the alleged victim" to
fabricate testimony. See Tex. R. Evid. 412(b)(2)(C). The State objected, and the trial
court sustained the State's objection until such time as the parties conducted an in-camera hearing. (6) After the trial court heard the testimony of the complainant's
cousin, appellant argued that the complainant's motivation in making allegations
against appellant was an attempt "to bolster herself for [her cousin]--or for [her
cousin's] affection." (7) Appellant's counsel also argued that because the complainant's
cousin did not get along with appellant, the complainant had a motive to fabricate the
allegations to get appellant "out of the house." 

 The court held that the testimony was irrelevant and inadmissible under Texas
Rule of Evidence 412(b)(2)(C), and, even if relevant, it would be inadmissible
because of its prejudicial nature. See Tex. R. Evid. 403, 412(b)(2)(C). Appellant
then asserted that the trial court's refusal to introduce the testimony of the
complainant's cousin violated the Confrontation Clause.

 A trial court has discretion to decide the admissibility of evidence, and, absent
an abuse of discretion, its rulings will not be overturned. Moses v. State, 105 S.W.3d
622, 627 (Tex. Crim. App. 2003). To determine whether a trial court has abused its
discretion, we consider "whether the [trial] court acted without reference to [the
pertinent] guiding rules and principles; that is, whether the court acted arbitrarily or
unreasonably." Fox v. State, 115 S.W.3d 550, 558 (Tex. App.--Houston [14th Dist.]
2002, pet. ref'd).

 The Sixth Amendment of the United States Constitution provides that "[i]n all
criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the
witnesses against him." U.S. Const. amend. VI. As the United States Supreme
Court has noted, "'[T]he main and essential purpose of confrontation is to secure for
the opponent the opportunity of cross-examination.'" Delaware v. Van Arsdall, 475
U.S. 673, 678, 106 S. Ct. 1431, 1435 (1986) (quoting Davis v. Alaska, 415 U.S. 308,
315-16, 94 S. Ct. 1105, 1110 (1974)); see Lopez v. State, 18 S.W.3d 220, 222 (Tex.
Crim. App. 2000). The Confrontation Clause has been made applicable to the states
through the Fourteenth Amendment. (8) Shelby v. State, 819 S.W.2d 544, 546 (Tex.
Crim. App. 1991) (citing Pointer v. Texas, 380 U.S. 400, 403, 85 S. Ct. 1065, 1068
(1965)). 

 Cross-examination is a cornerstone of the criminal trial process and, as such,
an accused must be given wide latitude to explore a witness's story, to test the
witness's perceptions and memory, and to impeach the witness's credibility. 
Guitierrez v. State, 764 S.W.2d 796, 799 (Tex. Crim. App. 1989). It is well-settled
that the right of confrontation may be violated when a trial court improperly limits
cross-examination. Van Arsdall, 475 U.S. at 679, 106 S. Ct. at 1435; Hurd v. State,
725 S.W.2d 249, 252 (Tex. Crim. App. 1987). 

 However, a trial court retains wide latitude to impose reasonable limits on
cross-examination based on, among other things, concerns about harassment,
prejudice, confusion of the issues, the witness's safety, or interrrogation that is
repetitive or only marginally relevant. Van Arsdall, 475 U.S. at 679, 106 S. Ct. at
1435; Lopez, 18 S.W.3d at 222. Each Confrontation Clause issue must be considered
on a case-by-case basis, and the defendant's right to cross-examine the witness must
be weighed against any risk factors associated with the admission of the evidence. 
Lopez, 18 S.W.3d at 222. "In weighing whether evidence must be admitted under the
Confrontation Clause, the trial court should balance the probative value of the
evidence sought to be introduced against the risk its admission may entail." Id. In
cases involving a charge of aggravated sexual assault, evidence of the prior sexual
conduct of the complainant is admissible only when "its probative value outweighs
the danger of unfair prejudice." Tex. R. Evid. 412(b)(3).

 Here, it is true that the complainant testified that she had never been "touched"
before. However, when asking the complainant her question, appellant's trial counsel
never defined what she meant by the word "touch." Our review of the sealed in-camera testimony of the complainant's cousin reveals that the so-called "physical
relationship" between the complainant and her cousin was minimal and did not
include any sexual contact. Contrary to appellant's assertion, the line of cross-examination which appellant's trial counsel sought to employ simply would not have
explained any bias or motive for the complainant, who was twelve years old at the
time of the offense, to fabricate the explicit details of the sexual assault as described
in her direct testimony.

 Accordingly, we hold that the trial court did not err in limiting appellant's
cross-examination of the complainant's cousin in violation of the Confrontation
Clause.

 We overrule appellant's sole point of error.

Conclusion

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iii), (a)(2)(B) (Vernon Supp. 2007).
2. See U.S. Const. amend. VI.
3. The complainant's cousin testified that he heard the complainant "screaming . . .[,]
Let me out of here . . . ."
4. The complainant's cousin verified that the complainant immediately told him after
returning from appellant's bedroom that appellant had licked the complainant's
vagina.
5. The complainant's cousin testified that he did not remember appellant calling for the
complainant to come to appellant's bedroom. However, although he did not
remember how long the complainant was in appellant's bedroom, when asked, "[D]id
she just leave and come right back," he responded, "No, sir."
6. The reporter's record of the testimony of the complainant's cousin taken in camera
is filed under seal. See Tex. R. Evid. 412(d). 
7. Appellant had also argued that the complainant's motivation in making allegations
against appellant was to make her cousin "jealous" and "maybe . . . want to make [her
cousin] want to do something."
8. See U.S. Const. amend. XIV.