**Opinion filed December 16, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00149-CR

_____

### DEMETRIUS HARRIS, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR35008**

### M E M O R A N D U M   O P I N I O N

Demetrius Harris was indicted on four counts of aggravated sexual assault of a child. The jury convicted him of four counts of the lesser included offense of sexual assault of a child and assessed his punishment for each count at two years confinement and a fine of $1,000. We affirm.

### I. *Background Facts*

In August 2007, Serena Salazar called the Midland Police Department to report that her daughter, A.P., had been sexually assaulted. The police investigated and arrested Harris – A.P.'s stepbrother.

The sexual assaults allegedly took place in 2002 or 2003. A.P. was between thirteen and fifteen years old and was living in a house with her father, her brother, and her stepmother.

Harris moved into the house and lived there for several months. A.P. claimed that, while there, Harris sexually assaulted her repeatedly.

A.P. testified that the first assault took place one night while she, Harris, and her younger brother were watching a movie in the den. A.P. and Harris were on the couch, and her younger brother was asleep on the floor. Harris began to massage her leg, moving up until he was touching her vagina. When A.P. tried to move, Harris got on top of her and penetrated her vagina with his penis. A week or two later, A.P. was asleep in her bedroom when she noticed that Harris was touching her leg. Harris put his mouth on A.P.'s vagina and then penetrated her vagina with his penis. The next incident occurred one night after she and her friend, J.T., had fallen asleep in the den. A.P. woke up when she felt someone touching her and found that Harris had lain down between the two girls. She testified that Harris then had sex with her. The last incident took place a few months after the first. A.P. and her brother were watching television in her father and stepmother's bedroom when Harris came in and told her brother to leave. After A.P.'s brother left, Harris told her to take off her clothes. He then penetrated her vagina with his penis.

Harris moved out of the house approximately two weeks later. A.P.'s father, Levalgia Gildon, testified that, a few days after Harris left, he discovered that something had been going on. He called Harris to get his side of the story. Gildon testified that Harris admitted to having had sex with A.P.

## II. *Issues*

Harris argues first that the trial court erred by refusing to allow him to impeach Gildon with evidence that Gildon was under indictment for aggravated sexual assault of a child and to introduce evidence that A.P. had previously lied and committed theft. Second, Harris contends that the evidence was insufficient to support his conviction.

## III. *Impeachment*

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009). We consider the ruling in light of what was before the trial court at the time the ruling was made and will uphold the trial court's ruling if it lies within the zone of reasonable disagreement. *Id.*

The Sixth Amendment to the U.S. Constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. *Lopez v. State*, 18 S.W.3d 220, 222 (Tex. Crim. App. 2000). A primary interest secured by the Confrontation Clause is the right of

2

cross-examination. *Id*. In weighing whether evidence must be admitted under the Confrontation Clause, the trial court must balance the probative value of the evidence sought to be introduced against the risk its admission might entail. *Id*. The trial court maintains broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion of the issues, endangering the witness, and the injection of cumulative and collateral evidence. *Id*.

A defendant generally may not impeach a witness's credibility with specific instances of conduct other than a criminal conviction. TEX. R. EVID. 608(b). However, a defendant may use specific instances of conduct to show bias or interest on the part of the witness. TEX. R. EVID. 613(b); *see also Billodeau*, 277 S.W.3d at 43 (to show motive for the victim's accusation, defendant was entitled to introduce evidence of victim's threats to falsely accuse others of child molestation when angry). The defendant bears the burden of demonstrating that the proffered evidence is relevant to the issue of bias or interest. *Chambers v. State*, 866 S.W.2d 9, 26-27 (Tex. Crim. App. 1993). Evidence is relevant if it has a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401.

### A. Did the Trial Court Err by Limiting Harris's Cross-Examination of Gildon?

Harris argues that the trial court erred by refusing to allow him to cross-examine Gildon on the specific charge he was facing. During the State's direct examination, Gildon admitted that he was under indictment for a first degree felony, and he said that his testimony was not the result of any promise or threat made by the State. Harris attempted to establish that Gildon had been indicted for aggravated sexual assault of a child. The trial court refused to allow this line of cross-examination. The trial court noted that Gildon's indictment concerned a different victim and date, and it found that the similarity between the offense on trial and the offense for which Gildon was indicted risked misleading or confusing the jury. It also found that the risk of confusing or misleading the jury outweighed any probative value of Gildon's specific charge.

A defendant is entitled to cross-examine a witness concerning pending criminal charges that might demonstrate a potential motive, bias, or interest to testify for the State. *Carroll v. State*, 916 S.W.2d 494, 498, 500 (Tex. Crim. App. 1996). The jury was aware that Gildon was under indictment for a first degree felony and, thus, was aware that he had a potential motive, bias, or interest to testify for the State. *See Carroll*, 916 S.W.2d at 500. Harris has failed to show how the particular offense made more probable the existence of any motive, bias, or interest. Moreover, the fact that Gildon and Harris had been charged with the same type of

3

offense posed a risk of confusing or misleading the jury. Therefore, the trial court did not abuse its discretion by not allowing Harris to cross-examine Gildon on the specific offense for which Gildon was indicted.

### B. Did the Trial Court Err by Refusing to Admit Specific Instances of Conduct by A.P.?

Harris also argues that the trial court erred by refusing to allow him to impeach A.P.'s credibility with testimony regarding specific instances of her conduct. In a voir dire examination, Harris questioned Vickie Lynn Gildon, his mother and A.P.'s stepmother, about instances when A.P. lied, stole her car, and stole items from a store. The trial court ruled that this evidence was inadmissible.

Rule 608(b) prohibits the use of specific instances of conduct to undermine a witness's credibility. While an exception is provided if the conduct shows a bias or interest on the part of the witness against the defendant, Harris failed to show how the testimony fits into this exception. *See Billodeau*, 277 S.W.3d at 43 (a defendant is, subject to reasonable restrictions, entitled to show any relevant fact that might tend to establish ill feeling, bias, motive, interest, or animus on the part of the witness against the defendant). Furthermore, Vickie Lynn Gildon and J.T. had already testified that, in their opinions, A.P. was not an honest person. The trial court did not abuse its discretion by refusing to admit evidence of specific instances of conduct. Accordingly, Harris's first issue is overruled.

### IV. *Sufficiency of the Evidence*

Harris next argues that the evidence is legally and factually insufficient to support his sexual assault conviction. The Texas Court of Criminal Appeals, however, recently held that legal sufficiency is the only standard that a reviewing court should apply. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010). To determine whether evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).

Harris was convicted of four counts of sexual assault of a child. Three counts alleged that Harris intentionally and knowingly caused the penetration of A.P.'s sexual organ with his sexual organ. One count alleged that Harris intentionally and knowingly caused A.P.'s sexual organ to contact his mouth.

4

A person commits the offense of sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means or causes the sexual organ of a child to contact or penetrate the mouth of another person, including the actor. TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (C) (Vernon Supp. 2010). A child is a person younger than seventeen years of age. *Id.* § 22.011(c)(1). A complainant's testimony, standing alone, is sufficient to support a conviction for sexual assault of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 2005); *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978).

A.P. was between thirteen and fifteen years old at the time of the alleged sexual assaults. She testified in detail about her four encounters with Harris. She specifically mentioned three times in which Harris penetrated her vagina with his penis and one time in which he caused her vagina to contact his mouth. Gildon testified that Harris admitted to having had sex with A.P. While Harris brought forth opinion testimony from J.T. and Vickie Lynn Gildon attacking A.P.'s credibility, the jury was free to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, the evidence was legally sufficient to support Harris's sexual assault conviction. Harris's second issue is overruled.

## V. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 16, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.