458-15

No. 09-14-00179-CR

IN THE

COURT OF APPEALS

NINTH DISTRICT OF TEXAS

ORIGINAL

ELGIA JERODE GRIFFIN, Appellant

V.

STATE OF TEXAS, Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

JUN 19 2015

Abel Acosta, Clerk

Elgia Jerode Griffin
TDCJ # 1258732
Michaels Unit
2664 FM 2054
Tennessee Colony ,Texas,75886
ProSe

John D. Kimbrough
District Attorney
Orange County Courthouse
801 Division Street
Orange,Texas,77630

ORAL ARGUEMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rules of Appellate Procedure 38.1 and 38.2 the following is a list of all parties to the appellate court's judgment from which discretionary review is sought:

## PARTIES

1.   Elgia Jerode Griffin,Appellant

      TDCJ# 1924366

      Michaels Unit

      2664 FM 2054

      Tennessee Colony,Texas,75886

      ProSe

2    The State of Texas

## COUNSEL:

1.   Michael Marion,Counsel for Appellant at Trial

      1271 N.Main

      Vidor,Texas,77662

2.   David BArlow,Counsel for Appellant on Appeal

      [ Note above counsel does not represent Appellant on
         discretionary review ]

      550 Fannin.Ste 710

      Beaumont,Texas,77701

3.   Phillip C. Smith,Jr.,Counsel for the State of Texas
      at Trial and on Appeal

      Assistant District Attorney

      Orange County Courthouse

      801 Division Street

      Orange ,Texas,77630

# TABLE OF CONTENTS

1.      Identity of Parties.....................................

2.      Table of Contents..............................A-i

3.      Index of Authorities...........................B-i-ii

4.      Statement of Oral Arguement....................C-i

5.      Statement of Case..............................D-i-ii

6.      Procedural History.............................E-i

7.      Gounds for Review..............................F-i-ii

8.      Arguement......................................1-13

                            GROUND (a)..................1-8

                            GROUND (b)..................9-13

9.      Prayer.........................................14

10.     Certificate of Service.........................15

11.     Appendix.......................................16

( Opinion 1 copy only )

# TABLE OF CITES / STATUTES

1.  Barnett v. State 771 S.W.2d.654 Tex.Crim.App.1989....p.11

2.  Borton v. State 605 S.W.2d.605 Tex.Crim.App.1980.....p.11

3.  Brojan v. State 787 S.W.2d.53 Tex.Crim.App.1990......p.6

4.  Cain v. State 258 S.W.404 Tex.Crim.App.1997..........p.7

5.  Carrol v. State 916 S.W.2d 494 Tex.Crim.App.1996.....p.4

6.  Clewis v. State 992 S.W.2d.126 Tex.Crim.App..1999....p.8

7.  Crivens v. Roth 172 F.3d.991 7th Cir.1999............p.7

8.  Davis v. Alaska 415 U.S.308,94 S.CT.1431,1974........p.4

9.  Dotey v. State 630 S.W.2d.343 App.3rd.Dist.1982......p.13

10. Everett v. State 707 S.W.2d.638 Tex.Crim.App.1986....p.6

11. Harvey v. State 135 S.W.3d.712 Tex.Crim.App.2003.....p.5

12. Hoyas v. State 980 S.W.2d.419 Tex.Crim.App.1995......p.2,9

13. farr v. State 519 S.W.2d.876 Tex.crim.App.1975.......p.13

14. Jones v. State 936 S.W.2d.678 Tex.App.Dallas  1996...p.7

15. Kitteson v. Dretke 426 F.3d.5th Cir.2005............p.5

16. Little v. Johnson 162 F.3d.855 5th Cir.1998..........p.4

17. Lopez v. State 18 S.W.3d 220 Tex.crim App.2000.......p.4

18. Lund v. State 336 S.W.3d 848 Tex.Crim.App.-texarkana
    3013...........................................p.2,9

19. Montgomery v. State 810 S.W.2d.372 Tex.crim.App.1990..p.2,9

20. Oursburn v. State 259 S.W.3d 159 Tex.crim.App.2008...p.11

21. Pointer v. State 85 S.CT.1065,1965..................p.4

22. Poitier v. State 68 S.W.3d.657 Tex.Crim.App.2002.....p.2,9

23. Ramos v. State 245 S.W.3d.410 Tex.crim.App.2008......p.1,9

24. Rivera v. Quarterman 505 F.3d.344 5th Cir.2007.......p.5,10

25. Rodriquez v. State 2005 Tex.App.Lexis 7942 @8 Sept.12,2005
    ...............................................p.7

26. Sandoval v. State 52 S.W.3d 851 Tex.App Houston 1st Dist.
    2001...........................................p.6

## D.   STATEMENT OF CASE

the presented case poses a quandry for the court to decide between protecting a victims rights versus a fundamental right to a fair trial with all the facts before the jury.The court must further decide if society will no longer accept coercive ,deceptive tactics from police that leads to false statements being used to obtain a conviction.Additionally,the trial court's decision to exclude testimony—that brings into question a complaining witnesses veracity and the motive,conformity and circumstances for that witnesses history for making false allegations should not have been excluded under any ground or procedural bar,regardless of the nature of the evidence.Thus the court in doing so created a fundamental error by violating the due process and confrontation clauses of the United States and Texas Constitutions.The ability to present before a jury evidence that rebuts the states contention that a compalining witness is credible and lacks bias or motive to make false allegations,while at the same time the court allowed the prosecution to bolster the credibility of the compalining witness through the use of 'outcry statements' and the prosecutions opening and closing remarks.The court has attempted to justify the exclusions of the evidence under Texas Rules of Evidence 412 by claiming the evidence is hearsay,despite having available direct testimony.Further the Court determined that because the evidence referred to the witnesses sexual promiscuity it was inadmissable.However,it was the reactions of the witness after the sexual promiscuity occured that is **probative.**

Additionally the Court has incorrectly substituted their trial strategy by determining thatthe appellant could only use the rebuttal evidence in cross-examination,when in fact the appellant has the right to call all parties in its case in chief under direct

## E. PROCEDURAL HISTORY

The appellant.Eligia Jerode Griffin,was charged in cause # A-090746-R with two counts of indecency with a child and one count of sexual assault of a child.C.R.p.12-13.After an initial trial and mistrial appellant proceeded to trial on March 31,2014. On April 2,2014 the jury returned a verdict of guilty to one count of indecency with a child [count one] and not guilty to one ocunt of indecency with a child and sexual assaultof a child [counts 2&3]. Punishment was assessed at 10 years confienment in the Texas Department of Criminal Justice.C.R.p.8-11,198-211.Apellant appealed and the court Affirmed on MArch 10,2015.Appellant now seeks discretioanry review.

1.

Did the Court's denial of the use of impeachment evidence violate the confrontation clause of the United States & Texas Constitutions,and did such violation so infect the outcome of the jury's determination of the credibility of the complaining witness as to render the determination invalid,given the overwhelming contrary evidence that was excluded ?

2.

Did the Court's decision to exclude the proffered testimony denied under 412 Texas Rules of Evidence,violate Appellan'ts rights to put forth a viable defense,and was the evidence admissible under Texas Rule of Evidence 608 (b) ?

3.

Did the Court violate the confrontation clause under Texas Rules of evidence 809 by denying Appellant the right to present the contested evidence in his case in chief,rather than cross-examination ?

4.

Did the Police knowingly take advantage of Appellant's intoxicated state,when obtaining his statement in violation of the 'Confession Statute' and utilize methods of trickery and coercion to illicit a false confession ?, And was admission fundamental error ?

1)    Did the court's denial of the use of impeachment evidence violate the confrontation clause of the United States and Texas Constitutions,and did such violation so infect the outcome of the jury's determination of the credibility of the complaining witness as to render the determination invalid given the overwhelming evidence to the contrary that was wrongfully excluded?

2)    did the court's decision to exclude the profferred testimony denied under Rule 412 ,Texas Rules of Evidence violate appellant's fundamental rights to put forth a viable defense? Or,should the Court allowed admission under Rule 608 (b) of the Texas Rules of Evidence?

3)    Did the Court violate the confrontation clause under Rule 809 Texas Rules of Evidence by denying appellant the right to present the contested evidence in his case in chief,rather than in cross-examination?

6)    Given the holding in Kitteson V. Dretke 426 F.3d.306 5th Cir. 2005,does the right to present recantation testimony extend to prior acts ,even if it involves a differant falsely accused individual?

## ARGUEMENT

### 1. STANDARD FOR REVIEW

The appropriate standard for reviewing a trial courts ruling on admission of evidence is abuse of discretion.<u>Ramos V.State 245 S.W. 3d,410,417-418,Tex.Crim.App.2008.</u>In otherwords,the appellate court must uphold the trial corrt's ruling if it was within the

1.

**zone of reason**able disagreement.<u>Montgomery V. State 810 S.W.2d, 372,391,Tex.Crim.App.1990.</u>"If the trial court's decision to admit evidence is within the zone of reasonable disagreement,the trial court has not abused it's discretion,and we must defer to that decision."<u>Lund V. State 366 S.W.3d. 848,852 Tex.Crim.Appp-Texarkana 2013,pet.ref'sd.).</u>In addition,the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.<u>Hoyas V.State 982 S.W.2d. 419, 422 .Tex.Crim.App.1995.</u>

Rarely does an erroneous evidentiary ruling rise ot the level of constitutional error.<u>Potier V. State 68 S.W.3d.657,663 Tex.Crim.App.2002.</u>An exception to this standard is if the exclusion of the evidence so fundamentally deprives the accused of a viable defense as to render the trial fundamentally unfair.

## 2. ARGUEMENT and AUTHORITIES

The role of a judge in a trial is to ensure that a defendant is given a fair opportunity to defend the allegations against him, while at the same time applying the law and balancing the rights of an alleged victim.This poses a precarious position where abuses of discretion are often asserted in favor of the alleged victim.The court has so far mischaractorized the contested,excluded evidence as being of past sexual behavior of the complaining witness,thereby determining it inadmissible under the rules of evidence.The heart of appellant's arguement and defense lies upon the court seperating the sexual behavior from the actions taken by the complaining witness after her sexual aggressive behavior.The defense the appellant is entitled to present before a jury is one of false accusations by

2.

**a complaining witness** ,and the motive for her making them.It is the actions of the complaining victim after being rejected by another adult male,whereupon she falsely accused him of rape that is more probative than prejudicial and is outside the realm of reasonable discretion to exclude.R.R.1V-4-13.The appellant has asserted that since the jury was denied this evidence their decision would have been differant in light of the acquittals on the remaining counts. Given the mixed verdict,it is reasonable to assume the jury had doubts about the allegations.C.R. p.8-11,198-211.Additionally the error in denying appellants motion ot suppress his statement given under duress and coercive tactics tainted the jury's opinion of appellant's veracity.Without the combination of these errors the state could not present a case that could withstand a factual sufficiency test.

This is a case of a classic 'HE SAID,SHE SAID'.There is no physical evidence supporting the allegations.In fact the DNA testing revealed that two other individuals had been in sexual contact with the complaining witness.However ,the state failed to introduce these test results.In addition ,the court denined appellant the right to use this evidence,because it brought to light sexual activity of the complaining witness.

The Texas Rules of Evidence 412 protects a victim from having an accused parade their sexual past in open court as a matter of reasonable privacy.However,it allows introduction of sexual behavior that is relevant to an accused defense.This court and the trial court must decide if the evidence is more probative than prejudicial.If the former it is admitted as a matter of law. If the latter there is a discretionary exclusion.When a complaining witness has a history of making false accusations of rape after being rejected by an adult male,such a history can only be deemed

3.

probative.As cited in appellants brief on appeal the holdings in Davis V.Alaska,415 U.S.308,94 S.Ct.1431,39 L.Ed.2d 347(1974), Pointer V.Texas,380 U.S.,85 S.CT.1065,13 L.Ed.2d.923(1965); Shelby V. State,819 S.W.2d.544 (Tex.Crim.App.1991) clearly support appellant's right as a matter of law to present the contested defense Tex.Const.art.I,Sec.10 grants a state right to confront witnesses. As long held in Richardson V.State,744 S.W.2d.65(Tex.Crim.App.1987), a defendant has great latitude in showing any fact which would tend to demonstrate bias or motive,inter alia,on the part of ANY witness in testifying against him.The inclusion of the right to impeach a witness with relevant evidence that might reflect bias,interest, prejudice,inconsistent staements,**TRAITS OF CHARACTER AFFECTING CREDIBILITY**,or evidence that might go to any impairment or disablity affecting the witness's credibility.Carrol V. State,916 S.W.2d 49 (Tex.crim.App.1006)Credibilty in sexual cases is more important than in almost any other case,because for the most part they are 'He said,She said' cases.As the holdings in Lopez V. State,18 S.W. 3d 220(Tex.crim.App.2000) adn Hammer V. State,296 S.W.3d.555(Tex. Crim.App.2009) clearly show.Thus the court warns that using the exclusion under Tex.Rules.Evid.403 should be used sparingly. It is a far cries difference between offering testimony for the sole purpose to taint a jurys opinion about a witness by parading a string of sexual encounters before them to paint the witness as an immoral person,than what appellant's evidence would have shown the jury.It is that difference that makes the trial court's decision to deny the appellatn the evidence to present the defense an abuse of discretion.As held in Little V. Johnson 162 F.3d.855,859 5thCir. 1998 "A defendant has the right to present any claim or defense before a jury no matter the novelty".While this claim is rather common than novel,as the saying goes" A woman scorned'.As the court

4.

is aware,witnesses are untruthful,often,and the motive behind why a witness would be so is relevant.

In Kitteson V. Dretke 426 Fd 3d.306.5th Cir.2005,the court held that a defendant has the right to tell the jury about a recantation This right should extend to prior acts of making false accusations and the later recanting.Under the guise of fundamental fairness and procedural due process lets analyze the courts rulings to determine as a whole whose side the 'Deck was stacked' and whether the appellant was given a fair hearing and trial.As stated in Rivera V. Quarterman 505 F.3d.344 5th Cir.2007 "The protections afforded by 'procedural due process' includes a 'fair hearing' in accord with fundamental fairness."As discussed later,the courts error in denying appellants motion to suppress was highly prejudicial thereby creating a scenario that the prosecution was able to expound upon in painitng the appellant as untruthful.while at the same time the prosecution was protected from exposure to his key witnesses history of making false allegations.The error denying the motion to suppress created a building block for the prosecution,allowing him to pain the appellant as untruthful and the complaining witness as credible.to further excaserbate this error,the court allowed the unfeathered bolstering of the complaining witnesses credbility during the prosecutions opening and closing statements.R.R.Vol.5;p.2-12 R.R.Vol 6.p.75-79.As the jury id the sole fact finder,the court must evaluate if their decision was made with all the appropriate available facts or was their decision tainted by the court's erroneous rulings."Under either review the factcinder is the exclive judge of the witnesses credibility and the weight to be given their testimony."Harvey V. State 135 S.W.3d.712,717 Tex.crim.App.2003. By the court's selective structuring of the evidence presented to the jury,it deprived the jury of their right to be the sole

judge of a witnesses credibility.The prosecutor knowing that the court had excluded the introduction by the defense of the impeachment evidence took every opportunity to bolster the complaining witnesses credibility in opening and closing statements.R.R.Vol.2.p.2-12, R.R.Vol 6.p.75-79.

"The prosecutor cannot use closing arguements to place matters before the jury that are outside the record and prejudicial to the accused." Everett V. State 707 S.W.2d.638,641.Tex.Crim.App. 1986. Such matters that are outside the evidence are usually designed to arouse the passion and prejudices of the jury and as such are highly inappropriate.Brojan V. State 787 S.W.2d.53,57 Tex.Crim.App.1990. The statements made by the prosecutor which were designed to bolster credibility violate the holdings in Everett and Brojan.Given the hamstrung position the appellant was in,he could not use the evidence available to him to attack the witnesses credibility,but the prosecutor was allowed to make unimpeded statement about the witnesses credibility placing matters before the jury that are outside the record.

The complaining witness made allegations of sexual assault and physical contact.R.R.Vol.5 p.126-130.She was subjected to a SANE EXAM and made outcry statements to her aprents.R.R.Vol.5 p.44-45, 48-50,131-132,159-60,163-5,R.R.Vol 6.p.27-82.Given the nature of the alleged assault and contact the SANE EXAM results should have confirmed the allegations.However,they did not.As a result the state was able to exclude the results,because it revealed other sexual activity from two other people,not appellant.In Ware V.State 62 S.W.3d.344,349 Tex.Crim.App.Ft Worth 2001,it states "Attacked credibility of witness claiming factual insufficiency to support conviction of aggravated sexual assault of a child,because victims 'outcry' statement not corroborated by the 'normal'medical exam' while the conviction was upheld in Ware,the court's in Sandoval V. State 52 S.W.3d.851,854-55 Tex.App.Houston 1st Dist.2001;

6.

see also <u>Rodriquez V. State 2005 Tex.App.Lexis 7942 @ 8 Tex.App.</u>
<u>Dallas Sept.12,2005.</u>The issue of credibility of a complaining witness
is crucial given this holding and as such should be allowed to be
attacked without impunity.

The court in <u>Crivens V. roth 172 F.3d.991,999 7th Cir.1999</u>
stated "A due process violation occured,because by failing to
present evidence for DNA testing that would impeach the credibility of key
witness".If impeachment evidence is available,regardless of the
source a due process violation occurs,if a defendant is denied the
ability ot present it.

"The jury may believe conflicts in evidence,accept one version
of the facts,disbelieve a party's evidence and resolve any inconsistencies
in favor of any aprty" <u>Jones V. State 936 S.W.2d6678 Tex.Crim.App.</u>
<u>Dallas 1996.</u>How can a jury perform this analysis if it is denied
critical information?? As represented by the jury's verdict,they
expressed their doubts of the allegations by finding the appellant
not guilty of two ofubhe three counts alleged.C.R.p.8-11,198-211.
How might the jury decided if it had known the complaining
witness had a history of making false rape charges following a
sexual encounter where she was rejected.Could not her appearance
following this rejection been similar as to what was testified to.
R.R.Vol.5p.44-5,48-50,131-2,159-60,163-5.Her demeanor could just
as likely as not been caused from this alternative hypothesis
,that of **'RAGE',from being rejected.**

" An appellate court must defer to a fact finders evaluation
of a witnesses credibility,unless to do so would result in a
manifest injustice.<u>Cain V. State 258 S.W.2d404,410 Tex.Crim.App.</u>
<u>1997.</u>Such an injustice has occured and this court has a duty
to correct it."In a factual sufficiency review,all the evidence

7.

4)    Did the police knowingly take advantage of Appellant's intoxicated state when obtaining his statement in violation of the **"CONFESSION STATUTE"** and utilize methods of trickery, intimidation and coercion to illicit a false statement and was admission of the statement fundamental error?

5)    Did the failure of police in determining Appellant's level of intoxication prohibit them from questioning Appellant and did it render any waiver of rights null and void?

**Grounds 4&5 will be discussed together :**

ARGUEMENT

1.    STANDARD FOR REVIEW

The appropriate standard for reviewing the trial courts ruling on admission of evidence is abuse of discretion. Ramos V. State 245 S.W. 3d,410,417-18,Tex.Crim.App.2008. In other words, the appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. Montgomery V. State 810 S.W. 2d,372,391,Tex.Crim.App.1990. "If the trial court's decision to admit evidence is within the zone of reasonable disagreement, the trial court has not abused its discretion, and we must defer to that decision." Lund V. State 366 S.W.3d. 848,852 Tex. Crim.App. -Texarkana 2013,pet.ref'd.). In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. Hoyas V. State 982 S.W.2d. 419,422.Tex.Crim.App.1995.

Rarely does an erroneous evidentiary ruling rise to the level of constitutional error. Potier V. State 68 S.W.3d.657,663

Tex.Crim.App 2002..However,"The protections afforded by procedural
due process includes a fari hearing in accord with fundamental
fairness'RIVERA V. Quartermann 505 F.3d.344 5th Cir.2007.

## ARGUEMENTS AND AUTHORITIES

Apellant argues that the trial court abused it's discretion
by failing to exclude his statements to police,following a motion
to suppress hearing.

The testimony in the motion to suppress hearing is that appellant
was **TOLD** TO GO TO THE POLICE STATION.That he was followed by a police
officer,than placed in an interrogation room.R.R.Vol2.p.17.It
is disengenuous of the state to claim appellant was unobserved
while waiting in the lobby at the police station fro 15-20 minutes
prior to being placed in the interrogation room aS THERE IS VIDEO
SURVIELLANCE and a DESK OFFICER on duty.Appellant after being told
to go to the police station,being followed to the station ,and
then being placed in an interrogation room had the understanding
and reasonably so,that he was not free to leave until he cooperated
with the police.despite any statement to the contrary.Appellant
is aware that he has been drinking,and is surprised that he hasn't
already been arrested for DUI.In his mind ,if he fails to cooperate,
they will arrest him for DUI,because he just drove to the station
under the influence in front of a police officer. Observation of
the complaining witness and officers that appellant was intoxicated
are noted.R.R.Vol5,p29-30.The first question this court must ask
is why a police officer would request an individual that he knew
to be intoxicated to operate a motor vehicle?? Nevertheless,
without determining the level of alchohol consumption,appellant
was placed in an interrogation room and questioned prior to any
admonishment of rights.the video recorded interview was submitted
by the state at the suppression hearing to show the state of mind

10.

of appellant. However, the video cannot substitute for medical testing that would allow the trier of fact to determine if appellant was cognizable to his rights and could form the requisited mental capacity to waive such rights given his intoxicated state.

A confession given under duress of hallucinations, illness, medications, of even private threat could be involuntary under the state 'confession statute'. Oursburn V. State 259 S.W.3d 159 Tex. Crim.App.2008 on remand 288 S.W.3d 65.Crim.Law 410.85,410.88,411.57. Art.§38.21 Code Crim.Proc. requires that the statement was freely given and voluntary made without compulsion or persuasion, on in the case of custodial interrogation. The court seems to rely on the statement and testimony of Detective Estrello ID.@ 38-41, claiming that appellant was free to leave, thereby negating the custodial interrogation requirements. The question is not what Detective Estrello perceived the situation was, but what appellant's state of mind was. As plead, R.R.Vol.2,p.5-25, he did not feel like he had a choice, but to give a statement after being told to drive to the police station under escort.

The question of whether the confession of the defendant must be determined from the totality of the facts and circumstances. Borton V. State 605 S.W.2d 605,607 Tex.Crim.App.1980. Once an allegation of involuntariness is made by an accused the **BURDEN** shifts to the state to show by a preponderance of the evidence that a defendant knowingly and intelligently waived his privilege against self incrimination, Barnett VV State 771 S.W.2d 654,658 Tex.Crim.App. 1989. The state has failed to meet it's burden by showing appellant was not intoxicated to a level that rendered him incapable of knowingly and intelligently waiving his right to self-incrimination; "A defendants mental condition, apart from its relation to official

11.

coercion is not dispositive of an inquiry into constitutional voluntariness. Walker V. State 842 S.W.2d.301,303.Tex.Crim.App. Tyler 1992. The trial court failed to make such an inquiry or determination prior to denying suppression.

While appellant maintains that he did not touch the complaining witness in a sexual manner at any time, he did however make a contradictory statement the following morning after being recalled to the police station for a second interview. This statement is more problematic than his initial statement, because it exposes the deceptive and outrageous tactics used by investigators to coerce statements. It is not until detectives told appellant that DNA was found to prove he touched the complaining witness, that appellant changed his story. R.R.Vol.6p.23-31. The detective testified that lying to a suspect is an acceptable tactic, R.R.Vol.6p.23-31, that they utilize frequently. The court must place themselves in the mind of appellant during the interrogation. The appellant has told them the truth the night before that he did not come in contact with the complaining witness. Then the police tell him, we have your DNA. How does he explain that? It is well known from watching television how damning DNA evidence can be. At this point believing detectives are telling the truth, appellant makes up a story to account for the DNA. This is no different than people making a false confession after seeing cases on the news. It happens. That is why police should be wary of using deceptive tactics. As children are taught to respect and obey the police. Why, as adults, should we not rely upon the police to continue to act in a respectful, truthful manner. **LACK OF TRUST IN POLICE IS A PLAGUE ON OUR SOCIETY AND THE CAUSE OF RECENT RIOTS AND UNREST.** Given the intoxicated state of appellant the night before, he might not have remembered if he accidentally brushed up

12.

against the complaining witness.

"**Voluntariness is not destroyed and a confession induced by trickery is not admissable unless the method used was calculated to produce an untruthful confession or was offensive to due process**" **Dotey V. State 630 S.W.2d..343 App.3rd Dist.1982.** The polices actions speak for themselves as their sole purpose was to convince appellant to make contradictory statements that could be used against him.

The court mus ask itself how such a tactic cannot be offensive. Not only did the police not have DNA material results at the time, it was laterr determined that Appellants DNA was not present, but two other individuals had been in sexual contact with the complaining witness.

"The state must satisfactorily explain accused allegations of coercion in order to satisfy its burdedn of proof of voluntariness" **Farr V. State 519 S.W.2.876.Crim.App.1975.** The state cannot meet this burden given the totality of the circumstances and this court must as a matter of law find that appellants constitutional protections were violated and the court abused it's discretion when it failed to suppress the statements.

## PRAYER FOR RELIEF

WHEREFORE,PREMISES CONSIDERED,Appellant, Prays that this Honorable Court will GRANT,Discretionary Review of the enumerated errors,reverse the conviction,and enter an acquittal,to,in the alternative,remand this cause to the trial court for further proceedings.


RESPECTFULLY SUBMITTED THIS 12 DAY OF JUNE,2015.

_____
Elgia Jerode Griffin

ProSe

# CERTIFICATE OF SERVICE

I,Elgia Jerode Griffin,do hereby certify that a true and copy of the foregoing was placed in U.S. Mail,First Class,Postage Prepaid,Via the Prison Mailing System to the following listed addressee on this the 12 Day of June,2015:

Phillip C. Smith,Jr.

Assistant District Attorney

Orange County Courthouse

801 Division Street

Orange ,Texas,77630

(Attorney fortthesState of Texas)

Elgia Jerode Griffen

15.

In The

COPY

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00179-CR
_____

ELGIA JERODE GRIFFIN

V.

THE STATE OF TEXAS

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A-090746-R

MEMORANDUM OPINION

A jury convicted Elgia Jerode Griffin of indecency with a child and assessed a sentence of ten years in prison. In eight appellate issues, Griffin challenges the legal sufficiency of the evidence, several of the trial court's evidentiary rulings, and the denial of his motion to suppress. We affirm the trial court's judgment.

1

## Factual Background

"Ashley Smith"[1] testified that she was fifteen years old when the offense occurred. According to Ashley, Griffin knocked on the door to tell her that some of her dogs had escaped the yard. Griffin followed Ashley and her step-aunt, D.A., to secure the dogs. After D.A. returned to the house, Griffin told Ashley that she would be in trouble if her mother saw her outside in her shirt and shorts. Ashley testified that Griffin grabbed her, kissed her neck, felt her breast, placed his hand inside her pants, and tried to penetrate her with his finger. When Ashley broke away, Griffin asked for her telephone number, told her he would be parked down the street, and asked if she would be back.

D.A. testified that Ashley was upset and crying when she returned to the house. D.R.J., Ashley's mother, testified that Ashley called her on the telephone. Ashley was crying and told D.R.J. that Griffin had touched her, kissed her, stated that he wanted to lick her, and asked for her telephone number. When D.R.J. arrived home and confronted Griffin, he denied touching Ashley. D.R.J. attempted to speak with Griffin and Ashley together, but Ashley became hysterical and ran from Griffin. D.K.J., Ashley's stepfather, testified that Griffin also told him that he did not touch Ashley. He described Ashley as trembling, crying, and hysterical.

[1] "Ashley Smith" is a pseudonym used to refer to the complainant.

Detective Robert Estrello testified that he met with Griffin, who appeared nervous and worried. Griffin told Estrello that nothing happened with Ashley and that Ashley was lying. D.K.J. testified that Ashley had lied to him in the past and that Griffin once told D.K.J. that Ashley had misbehaved. Ashley admitted being upset with Griffin for telling her parents that she had misbehaved, but she testified that he was not the only person who disclosed that information to her parents. She denied fabricating her allegations. Estrello testified that he felt Griffin was not being truthful. He explained that Griffin kept mentioning Ashley's clothing, which suggested to Estrello that "there was some kind of attraction there."

Detective Sergeant Sarah Ann Jefferson-Simon testified that, after Estrello's interview with Griffin, she contacted Griffin because she knew him and thought he might be more truthful with her than with Estrello. Initially, Griffin denied touching Ashley. When Jefferson-Simon told Griffin that the DNA evidence would show what happened, Griffin claimed that Ashley used his hand to touch her breast and that she had backed up against him, after which Griffin breathed on her neck.

## Legal Sufficiency

In issue one, Griffin contends that the evidence is legally insufficient to support his conviction for indecency with a child. Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution

3

to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

A person commits indecency with a child when he (1) engages in sexual contact with a child under age seventeen or causes the child to engage in sexual contact; or (2) with intent to arouse or gratify the sexual desire of any person, the person exposes his anus or any part of his genitals, knowing the child is present, or causes the child to expose the child's anus or any part of the child's genitals. Tex. Penal Code Ann. § 21.11(a) (West 2011). "Sexual contact" means, if committed with the intent to arouse or gratify sexual desire, (1) any touching, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. *Id.* § 21.11(c). Intent to arouse or gratify the sexual desire of any person can be inferred from the accused's conduct, his remarks, and all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981).

On appeal, Griffin contends the record fails to establish that he touched Ashley with the intent to arouse or gratify his sexual desire. However, Ashley's testimony alone supports a conviction for indecency with a child. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (West Supp. 2014). The jury heard Estrello's opinion that Griffin was untruthful during his initial interview, as well as evidence that Ashley was upset after the incident occurred, insisted that Griffin had touched her inappropriately, she was wearing appropriate clothing, and did not invite Griffin's advances or fabricate the allegations against him. Additionally, the jury heard evidence that Griffin was preoccupied with Ashley's clothing, gave two different accounts of what transpired, claimed that Ashley had acted provocatively toward him, and blamed Ashley for instigating the touching. Griffin's conduct itself is sufficient to infer the requisite intent. *See McKenzie*, 617 S.W.2d at 216; *see also Villanueva v. State*, 209 S.W.3d 239, 246 (Tex. App.—Waco 2006, no pet.) ("An oral expression of intent is not required; the conduct itself is sufficient to infer intent."). Viewing all the evidence in the light most favorable to the State, the jury could reasonably conclude, beyond a reasonable doubt, that Griffin engaged in sexual contact with Ashley, a child under age seventeen, with the intent to arouse or gratify his sexual desire. *See* Tex. Penal Code Ann. § 21.11(a), (c); *see also Jackson*, 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13. We overrule issue one.

5

## Evidentiary Issues

In issues two, three, and four, Griffin argues that the trial court improperly excluded evidence challenging Ashley's veracity. We review a trial court's evidentiary decisions under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]" Tex. R. Evid. 103(a); *see* Tex. R. App. P. 44.2(b). We will not reverse a conviction if we have "fair assurance from an examination of the record as a whole that the error did not influence the jury, or had but slight effect." *Taylor v. State*, 268 S.W.3d 571, 592 (Tex. Crim. App. 2008).

In this case, the trial court held a hearing pursuant to Texas Rule of Evidence 412 to address the admissibility of a prior false accusation that Ashley had made. During the hearing, J.W. testified to an incident when Ashley attempted to sit on his lap, but he "brushed her off." Ashley's father subsequently contacted J.W. because Ashley had accused J.W. of rape. Ashley later apologized to J.W. for accusing him of rape. Griffin argued that the allegations against him were similar to those against J.W., namely that Ashley's "advances were refused, and then the next thing she's accusing the person of rape or of sexual assault." He asserted that J.W.'s testimony was admissible under both Rule 412 of the Texas Rules of

6

Evidence and the Confrontation Clause. The trial court declined to admit J.W.'s testimony. On appeal, Griffin maintains that the trial court denied him the ability to attack Ashley's credibility, bias, self-interest, and motive in falsely accusing Griffin.

Texas Rule of Evidence 412 allows the admission of certain evidence regarding an alleged victim's past sexual behavior, but does not apply to indecency with a child cases. Tex. R. Evid. 412; *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). Accordingly, we must determine whether the excluded evidence was admissible under other evidentiary rules. *See Hammer v. State*, 296 S.W.3d 555, 563-68 (Tex. Crim. App. 2009). Specific instances of a witness's conduct, for purposes of attacking the witness's credibility, other than conviction of crime, may not be inquired into on cross-examination nor proved by extrinsic evidence. Tex. R. Evid. 608(b). However, such evidence may be admissible to prove bias, self-interest, or motive for testifying. *Hammer*, 296 S.W.3d at 563. The right of cross-examination afforded by the United States and Texas Constitutions encompasses exposure of a witness's motivation for testifying and is offended if an evidentiary rule prohibits a defendant from cross-examining a witness concerning possible motives, bias, and prejudice such that he could not present a vital defensive theory. *Id.* at 562-63. "[T]he opponent must first cross-examine the witness with the

7

circumstances surrounding the bias, interest, or motive, and, if the witness denies the circumstances or the motive, the opponent may introduce extrinsic evidence to prove the motive or bias." *Id.* at 563; *see* Tex. R. Evid. 613(b).

On appeal, Griffin maintains that his defensive theory at trial was based on the fact that he told Ashley's parents about her misconduct on a prior occasion, and the "perceived threat that he would do it again, was the motive for falsely accusing Appellant." Because she had falsely accused another person out of retaliation in the past[,]" Griffin argues that the refusal to allow the jury to evaluate Ashley's bias, prejudice, or motive for accusing Griffin constitutes reversible error. However, the record does not indicate that, during Ashley's testimony, Griffin attempted to first cross-examine Ashley specifically regarding the circumstances of the situation with J.W. *See Hammer*, 296 S.W.3d at 563. Without first giving Ashley an opportunity to explain or to deny these circumstances, Griffin could not introduce extrinsic evidence, *i.e.*, J.W.'s testimony, to prove Ashley's motive or bias. *See id.*; *see also* Tex. R. Evid. 613(b) (When impeaching a witness by proof of bias or interest, and before further cross-examination or extrinsic evidence may be allowed, the circumstances supporting such claim or the details of such statement must be made known to the witness, and the witness must receive an opportunity to explain or to deny the circumstances or statement.). Additionally, the jury did hear

evidence that Griffin had reported some form of misconduct by Ashley to Ashley's parents; thus, the excluded evidence did not prevent Griffin from presenting his defense that the allegations against him were made in retaliation. *See Ray v. State*, 178 S.W.3d 833, 836 (Tex. Crim. App. 2005) (Although excluded testimony would have "incrementally furthered appellant's defensive theory[,]" because appellant was permitted to testify about her defensive theory, the excluded evidence did not prevent her from presenting a defense.). We overrule issues two through four.

In issues five and six, Griffin challenges the admission of outcry testimony from Ashley's mother, D.R.J., which he contends improperly bolstered Ashley's testimony. Before trial, the State filed a notice of intent to introduce hearsay statements pursuant to Texas Code of Criminal Procedure article 38.072. *See* Tex. Code Crim. Proc. art. 38.072 (West Supp. 2014). Griffin argues that (1) the trial court failed to conduct a hearing in accordance with article 38.072 only; and (2) article 38.072 only applies to child victims twelve years of age or younger. Assuming, without deciding, that the trial court abused its discretion by failing to hold a hearing and allowing D.R.J. to testify as an outcry witness, we cannot say that the error affected Griffin's substantial rights. *See* Tex. R. Evid. 103(a); *see also* Tex. R. App. P. 44.2(b). Ashley testified, without objection, to the details of the alleged offense. "'[O]utcry' testimony is necessarily cumulative of a

9

complainant's testimony." *Cordero v. State*, 444 S.W.3d 812, 820 (Tex. App.—

Beaumont 2014, pet. ref'd) (quoting *Shelby v. State*, 819 S.W.2d 544, 551 (Tex.

Crim. App. 1991)). Moreover, "improper admission of evidence is not reversible

error if the same or similar evidence is admitted without objection at another point

in the trial." *Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th

Dist.] 2004, pet. ref'd). Because the admission of D.R.J.'s testimony was harmless,

we overrule issues five and six.

## Motion to Suppress

In issues seven and eight, Griffin contends that the trial court erred by

denying his motion to suppress statements he made to police. "We review a trial

court's ruling on a motion to suppress under a bifurcated standard of review."

*Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

> First, we afford almost total deference to a trial judge's determination
> of historical facts. The trial judge is the sole trier of fact and judge of
> the credibility of the witnesses and the weight to be given their
> testimony. He is entitled to believe or disbelieve all or part of the
> witness's testimony--even if that testimony is uncontroverted--
> because he has the opportunity to observe the witness's demeanor and
> appearance.

> If the trial judge makes express findings of fact, we view the evidence
> in the light most favorable to his ruling and determine whether the
> evidence supports these factual findings. When findings of fact are not
> entered, we "must view the evidence 'in the light most favorable to
> the trial court's ruling' and 'assume the trial court made implicit

10

findings of fact that support its ruling as long as those findings are supported by the record.'"

Second, we review a trial court's application of the law of search and seizure to the facts *de novo*. We will sustain the trial court's ruling if that ruling is "reasonably supported by the record and is correct on any theory of law applicable to the case."

*Id.* at 447-48 (internal footnotes omitted).

Griffin made a verbal motion to suppress the video of his statement to police on grounds that he was not given warnings before the interview. Griffin testified that when law enforcement officers arrived at the scene of the offense, they instructed him to go to the police station. Griffin felt that he was in custody, so he was going to follow instructions. He drove to the station, followed by an officer. Griffin testified that he wanted to go home, but felt he had no choice.

Griffin testified that he did not feel free to leave once he went into the interrogation room and that Estrello did not mention that he could leave until fifteen or twenty minutes into the interview. At that point, Estrello read him the warnings and Griffin testified that he initialed the document without reading it. Griffin explained that he was intoxicated and concerned about his ill mother, felt intimidated and embarrassed, and wanted out of the police station. Because of his intoxication and mental state, he did not understand the warnings. He admitted that

he was never handcuffed. He testified that he did not believe that he had a choice as to whether to talk to Estrello and did not feel free to leave without permission.

Estrello testified that, before the interview, Griffin was advised that he could leave, but was not given *Miranda* warnings. He testified that when he arrived at the station, Griffin was alone in the waiting room. Estrello testified that he spoke with Griffin in the waiting room, told him what he had been accused of, and asked Griffin if he wanted to make a statement, to which Griffin agreed. He stated that had Griffin declined, he would have been free to leave. He explained that, before an interview, he always tells the interviewee that he is not under arrest and can leave at any time. A few minutes into the interview, Estrello advised Griffin of his constitutional rights and Griffin stated that he understood these rights, agreed to waive them and speak with Estrello, and signed the warnings. Estrello testified that Griffin was never placed in handcuffs or in custody. He further testified that Griffin was cooperative and did not act like he wanted to leave or mention wanting to leave. After the interview, Griffin was free to leave and did so.

The trial court found that a non-custodial interrogation occurred and denied the motion to suppress. On appeal, Griffin argues that his statements to Estrello were "obtained involuntarily and were the result of custodial interrogation." There are four general situations that may constitute custody: (1) the suspect is physically

deprived of his freedom in any significant way; (2) an officer tells the suspect he is not free to leave; (3) officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and (4) probable cause exists to arrest the suspect and officers do not tell the suspect he is free to leave. *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009).

The record does not demonstrate that Griffin was physically restrained or told that he was not free to leave. Additionally, as the sole judge of the credibility of the witnesses, the trial court was free to decide which evidence to believe. *See Valtierra*, 310 S.W.3d at 447. In doing so, the trial court could reasonably conclude that (1) officers at the scene of the offense asked Griffin to go to the police station and he agreed to do so; and (2) before the interview, Estrello advised Griffin that he could leave at any time and Griffin agreed to speak with Estrello. "[W]hen a person voluntarily accompanies police officers, who are then only in the process of investigating a crime, to a certain location, and he knows or should know that the police officers suspect he may have committed or may be implicated in committing the crime, we are unable to hold that under the circumstances such person is in custody." *Turner v. State*, 252 S.W.3d 571, 579-80 (Tex. App.— Houston [14th Dist.] 2008, pet. ref'd). "Once the circumstances show the person is acting upon the invitation, urging or request of police officers, and not the result of

force, coercion or threat, the act is voluntary and the person is not then in custody." *Id.* at 580. Thus, we conclude that the trial court did not abuse its discretion by finding that Griffin's statement to Estrello was the result of a non-custodial interrogation. Because the trial court properly denied Griffin's motion to suppress, we overrule issues seven and eight and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 10, 2015
Opinion Delivered March 18, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

14

ELGIA Serole Griffin
TDCS# 1924386
Michaels Unt
20604 FM 2054
Tennessee Colony Tx., 75884



7010 0290 0000 9210 3570

Court of Criminal Appeals
201 W. 14th
P.O. Box 12308
Austin Texas 78711

